### Christine HERMAN and Janet Wendel, Appellants,

v.

### ROOSEVELT FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee.

No. 77–1512.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1977.

Decided Jan. 25, 1978.

---

Nancy S. Everett, Lisa Van Amburg, St. Louis, Mo., on brief, for appellants.

Samuel C. Ebling, St. Louis, Mo., John B. Lewis and Gregory F. Hoffmann of Millar, Schaefer & Ebling, St. Louis, Mo., on brief, for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

This is a joint appeal by plaintiffs Christine Herman and Janet Wendel. They and two other past and present female employees of Roosevelt Federal Savings & Loan Association (Roosevelt) brought an action below under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et

seq., seeking to recover back pay allegedly withheld in violation of 29 U.S.C. § 206(d)(1).[1] The district court, in its opinion reported at 432 F.Supp. 843 (E.D.Mo. 1977), held that appellant Wendel had failed to make a prima facie showing of a violation of 29 U.S.C. § 206(d)(1).[2] As to the other three plaintiffs, the district court found that they had been the victims of sex discrimination in initial salaries in violation of 29 U.S.C. § 206(d)(1). The district court awarded $8,638 in total damages to the three plaintiffs, plus costs, together with an attorneys' fee of $5,500.

On this appeal Wendel contends that contrary to the district court's findings, her work as a teller and as an assistant head teller for Roosevelt was substantially equal to the work of Roosevelt's male teller counselors. Wendel additionally argues that the district court's finding that she received equal pay while working as a teller counselor was erroneous.[3] Appellant Herman contends that the district court erred in denying liquidated damages and erred in awarding only $5,500 in attorneys' fees. Finally, both Herman and Wendel contend that the district court erred in finding that Roosevelt employed a bona fide merit program within the meaning of 29 U.S.C. § 206(d)(1).

■ We have often noted that the findings of fact by the district court are entitled to great weight and we must accept them unless they are clearly erroneous under Fed.R.Civ.P. 52(a). *E. g., Ridgway v. United Hospitals—Miller Div.*, 563 F.2d 923, 927 (8th Cir. 1977). We do not deem it necessary nor desirable to relate in detail the facts describing the exact nature of the skills, efforts and responsibilities required for the performance of the various jobs at Roosevelt. We have carefully examined the record and are convinced that the district court's finding that Wendel's work as a teller and assistant head teller was not substantially equal to the work of Roosevelt's male teller counselors was not clearly erroneous. Similarly, the district court's finding that Wendel received equal pay while working as a teller counselor was not clearly erroneous.

■ We next turn to Herman's contention that the district court erred in denying liquidated damages. The right to recover liquidated damages in a Fair Labor Standards Act case is within the sound discretion of the district court if

> the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act * * *.

29 U.S.C. § 260. In the instant case the district court found that Roosevelt had acted in good faith. Our review of the record convinces us that this finding is not clearly erroneous. *See Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 227–28 (7th Cir. 1972). Furthermore, the record reveals that Roosevelt had reasonable grounds to believe it was not in violation of the Fair Labor Standards Act.[4] Accordingly, we refuse the in-

---

1. 29 U.S.C. § 206(d)(1), the Equal Pay Act of 1963, provides:

    No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions * * *.

2. The action was tried before the Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri, sitting without a jury.

3. The district court found that Wendel's initial salary as a teller counselor was actually higher than the average salaries of the males performing equal work.

4. For example, a management consultant hired by Roosevelt in 1973 testified that he personally helped develop a plan for salary raises which took into account the Equal Pay Act. We also note that the personnel director of Roosevelt testified that an analysis of salaries of employees at Roosevelt showed that both men and women were above and below their respective salary grades. Thus, although Roosevelt's beliefs about the salary system proved eventually to be inaccurate, we are persuaded that reasonable grounds existed for their basis.

**1036**

vitation to reverse the district court's denial of liquidated damages. *See Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981, 988 (8th Cir.), *cert. denied*, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 671 (1952); *Reed v. Murphy*, 232 F.2d 668, 677–78 (5th Cir.), *cert. denied*, 352 U.S. 831, 77 S.Ct. 45, 1 L.Ed.2d 51 (1956).

■ Appellant Herman next argues that the district court erred in its award of $5,500 for attorneys' fees. The attorneys for the plaintiffs submitted an affidavit to the court following the trial setting forth their hourly rate at $30 per hour and 381 as the total number of hours spent on the case, for a total of $11,436. The district court stated that in light of the discussion in *Peltier v. City of Fargo*, 533 F.2d 374, 380 (8th Cir. 1976), its award of $5,500 was a reasonable amount. Although in our opinion this award is somewhat low, we are not persuaded that the amount is so clearly insufficient as to constitute an abuse of the district court's discretion.

■ Finally, both appellants contend that the district court erred in finding that Roosevelt employed a bona fide merit program. The record reveals that Roosevelt's male employees generally received larger raises than female employees. We agree with the district court, however, when it stated that "[t]here was ample testimony to support a finding that the increases were based upon the employees' performance."

The district court applied correct and appropriate principles of law to its factual findings, which were not clearly erroneous. We affirm on the basis of the district court's well reasoned opinion.

Affirmed.