921 F.2d 157
 54 Fair Empl.Prac.Cas. 985,
55 Empl. Prac. Dec. P 40,423
Inez PATCHELL, Appellee,
v.
RED APPLE ENTERPRISES, LIMITED d/b/a Red Apple Inn, Appellant.
Inez PATCHELL, Appellant,
v.
RED APPLE COUNTRY CLUB d/b/a Red Apple Inn, Appellee.
 Nos. 89-2995EA, 90-1401EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 9, 1990.
Decided Dec. 10, 1990.
 
 Dinah M. Dale, Little Rock, Ark., for appellant.
 Richard Quiggle, Little Rock, Ark., for appellee.
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Inez Patchell successfully prosecuted her complaint of age discrimination against Red Apple Enterprises (Red Apple).[1] Red Apple now appeals the district court's[2] denial of its JNOV and new trial motions, Case No. 89-2995. Patchell appeals her fee award, Case No. 90-1401. We affirm as to both.
 
 I. BACKGROUND
 
 2
 The evidence at trial revealed that Patchell first became employed by Red Apple in 1964 as a waitress and that she was fired from that job in 1987, near her 62nd birthday. Nearly all the rest of the evidence is disputed; we will not attempt to recite it as fact, but the short of it goes thusly. Patchell presented evidence that Red Apple's new management was weeding out the older employees because of their ages. There was testimony about derogatory remarks made by management about older waitresses, about confrontations between Patchell and the new management, and about the dismissals of other older employees. Red Apple's case in defense of its actions was that Patchell was fired because she had been insubordinate. There was further evidence of confrontations between Patchell and management to support this theory. The evidence of the actual firing, however, remains clouded. Patchell claimed to have been fired by a young man from the new management, while Red Apple claimed the firing was done by her direct supervisor who was more nearly Patchell's age. The district court, over Red Apple's requests for a directed verdict, gave the case to the jury to do what it is juries are supposed to do--resolve swearing matches.
 
 
 3
 The jury believed Patchell's story. It concluded that the firing was on account of Patchell's age and that Red Apple had willfully violated the ADEA. Its verdict was for some $30,000 in her favor, which was doubled for the finding of willfulness. However, the district court granted JNOV to Red Apple on the willfulness finding, and entered judgment for Patchell accordingly. Attorney's fees were sought by Patchell, and they were granted by the district court, except that it reduced the hourly rates requested as to each attorney. The parties have each taken an appeal; we begin with Red Apple's.
 
 II. DISCUSSION
 
 4
 Red Apple's two general briefed points are that the district court erred by denying its JNOV motion, and in the alternative, by denying its motion for a new trial. As for JNOV, our standard of review is not in doubt; it is the same as the district court's. We take the evidence cast in Patchell's favor, assume that the jury resolved any conflicts in her favor, assume facts which her evidence tended to prove, give her the benefit of all reasonable inferences, and affirm the denial of JNOV if reasonable minds could reach differing conclusions on the evidence so considered. Morgan v. Arkansas Gazette, 897 F.2d 945, 948 (8th Cir.1990) (citing Cleverly v. Western Elec. Co., 594 F.2d 638, 641 (8th Cir.1979) (per curiam) and quoting Gilkerson v. Toastmaster, Inc., 770 F.2d 133, 136 (8th Cir.1985)). We have examined the trial transcript with the above standards in mind, and we conclude that the JNOV motion was rightly denied.
 
 
 5
 Patchell did not have to produce direct evidence to make her prima facie case or to rebut Red Apple's account of her firing. She need only have shown that Red Apple's scenario was not credible. See Haglof v. Northwest Rehabilitation, Inc., 910 F.2d 492, 494 (8th Cir.1990). Red Apple did not provide convincing testimony as to who fired Patchell, much less why. The record cannot support stepping into the jury's province to undo its conclusions. The evidence put on by Patchell tended to make out her claim. Cf. Clements v. General Acc. Ins. Co. of America, 821 F.2d 489, 491-92 (8th Cir.1987) (court reversed JNOV to defendant on record evidence supporting ADEA claim and remanded to district court). We agree with the district court in this case that "inferences of [age] discrimination could be made simply from the conflicts and inconsistencies in the testimony heard [by the jury]." Order and Superseding Judgment at 5, Appellant's Appendix, Document P at 5.
 
 
 6
 Red Apple also asserts numerous points of evidentiary error in support of its JNOV claim. The gist of these is that some evidence allowed in Patchell's case was too prejudicial to Red Apple without being truly probative of the age discrimination charge. For example, Red Apple complains that testimony about the firings of former employees was wrongly heard and that statistical evidence and an accompanying chart were wrongly introduced. The employees said they had been fired because of their ages. The chart summarized the number of firings of Red Apple employees by age group for 1987, the year Patchell was fired. No doubt Red Apple was unhappy about this evidence, but a plaintiff must be allowed to make her case. Red Apple had the opportunity to (and did) cross-examine Patchell's witnesses and discredit them with its own version of the facts. Much of Red Apple's appellate brief represents sound, though belated, cross-examination. It is, ultimately, only the jury's credibility determinations of which Red Apple really complains. That cannot be done on appeal; we are not a "super" jury. We have considered Red Apple's evidentiary points and conclude they are without merit.
 
 
 7
 As for the new trial motion, though our review does not require us to take the evidence so strongly in Patchell's favor as under JNOV review, we reach the same result. We examine the district court's decision as one of discretion subject to reversal only for abuse. See Pitts v. Electro-Static Finishing, Inc., 607 F.2d 799, 803 (8th Cir.1979) (citations omitted). Where the point of error is a failure of the evidence, the denial of a new trial motion might not be reviewable at all. See Peterson v. General Motors Corp., 904 F.2d 436, 439-40 (8th Cir.1990) (citations omitted). In any event, after our review of the trial transcript, we are satisfied that the district court did not err by denying a new trial to Red Apple.
 
 
 8
 Last, we consider Patchell's appeal--actually her attorneys'. They argue that the district court improperly reduced the hourly rates used to calculate their fees. Though nearly all the total hours requested by Patchell's attorneys were awarded by the district court, it reduced the hourly rates requested from $150, $100, and $85 per hour to $125, $90, and $75 per hour, respectively. The standard is undoubtedly whether the district court abused its discretion in the award of a reasonable fee. See Herman v. Roosevelt Fed. Sav. & Loan Ass'n, 569 F.2d 1033, 1036 (8th Cir.1978). While the lawyers presented well-documented proof of their worth to the district court and while we might be inclined to provide a different award, we cannot say that the award is insufficient or that the court abused its discretion.[3] See id.
 
 III. CONCLUSION
 
 9
 After examining the trial transcript and finding that no evidentiary error occurred and that the evidence supports the jury's verdict, we hold that the district court did not err by denying Red Apple's motions for JNOV or a new trial. Likewise, we find no abuse of discretion in the district court's fee award to Patchell's lawyers and affirm the award.
 
 
 
 [1]
 Patchell's suit arose under the Age Discrimination in Employment Act (ADEA), codified at 29 U.S.C. Secs. 621-34 (1988)
 
 
 [2]
 The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [3]
 While it in no way affected our decision on this point, it is worth noting that, while the winning attorneys vociferously argued their reduced fee award in briefing and oral argument before this court, no appeal was taken from the JNOV granted to Red Apple on its willful intent, which halved Patchell's award. Cf. Clements, 821 F.2d 489