_____

No. 95-3710
_____

Linda Stevens,                          *
                                        *
              Appellant,                *  Appeal from the United States
                                        *  District Court for the
        v.                              *  Eastern District of Missouri.
                                        *
St. Louis University Medical            *
Center,                                 *
                                        *
              Appellee.

_____

            Submitted: April 9, 1996

              Filed: October 3, 1996
_____

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
      Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


     Linda Stevens filed this civil action against her former employer,
the St. Louis University Medical Center, alleging sex discrimination and
retaliatory discharge in violation of Title VII, 42 U.S.C. § 2000e et seq.,
the Equal Pay Act, 29 U.S.C. § 206(d) and § 215(a)(3), and the Missouri
Human Rights Act, R.S.Mo. §  213.010 et seq.  The district court[1] granted
summary judgment for the Medical Center and Stevens appeals.  We affirm.


**BACKGROUND**

     Appellant Stevens worked for the St. Louis University Medical Center
for eighteen and one-half years as a nurse in various

_____

     [1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

positions. Her last position before being fired in November 1990 was as director of the pacemaker lab in the cardiology department. Ms. Stevens says that she learned that a male nurse in a similar position was paid more and so she requested a raise. This request was denied.

On September 5, 1990, Ms. Stevens filed an EEOC charge contending that she was being paid less for comparable work as a result of illegal sex discrimination. On November 26, 1990, Ms. Stevens was fired. Believing that she was fired as a result of the filing of the charge with the EEOC, Ms. Stevens then filed, in December 1990, another EEOC charge alleging retaliatory termination. In January 1991, Ms. Stevens filed this lawsuit.

The district court granted summary judgment for the defendant Medical Center on the sex discrimination claims in 1993 and on the retaliatory termination claim in 1994. On this appeal, Stevens challenges only the judgment on the retaliatory termination claim.

The district court based its judgment on two alternative grounds. First, the court held that Ms. Stevens had failed to establish a prima facie case of retaliatory termination. In particular, the court concluded that Ms. Stevens had failed to prove that there was any causal connection between her filing of the sex discrimination charge and her later dismissal. Alternatively, the court held that even if a prima facie case was established, the Medical Center had come forward with a nondiscriminatory reason for the dismissal, which Stevens failed to rebut with evidence that the nondiscriminatory reason was merely a pretext for sex discrimination.

**STANDARD OF REVIEW**

We review a grant of summary judgment and under the same standard which governed the district court's decision. Lenhardt v. Basic Inst. of Technology, 55 F.3d 377, 379 (8th Cir. 1995). The

-2-

question is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Maitland v. University of Minnesota</u>, 43 F.3d 357, 360 (8th Cir. 1994). Ms. Stevens contends here that she raised sufficient factual issues to defeat summary judgment and take the claim of retaliatory termination to trial.

**LEGAL FRAMEWORK**

The legal framework applicable to sex discrimination claims under Title VII is the familiar three-stage, burden-shifting test as set forth by the Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), and applied in countless later cases.[2] <u>See</u>, <u>e.g.</u>, <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993); <u>Kobrin v. University of Minnesota</u>, 34 F.3d 698 (8th Cir. 1994); <u>Jones v. Frank</u>, 973 F.2d 673 (8th Cir. 1992).

(1) <u>Prima Facie Case</u>. The plaintiff has the initial burden to establish a prima facie case of discrimination, <u>i.e.</u>, she must introduce probative evidence that (a) she participated in protected activity, (b) an adverse employment action was taken against her, and (c) there was a causal connection between the adverse employment action and the protected activity. <u>See</u> <u>Kobrin</u>, 34 F.3d at 704.

(2) <u>Nondiscriminatory Reason for Employment Action</u>. Second, if the plaintiff establishes a prima facie case, the employer must rebut the prima facie case by showing a nondiscriminatory reason

---

[2] Ms. Stevens cited in her complaint the Equal Pay Act and the Missouri Human Rights Act as well as Title VII. However, the parties have briefed the case solely on the basis of Title VII legal standards. Accordingly, we will assume (without deciding) that no significant differences exist among these statutes as applicable here and will confine our discussion to Title VII and related case law.

for the adverse employment action. See White v. McDonnell Douglas, 985 F.2d 434, 435 (8th Cir. 1993).

(3) Pretext. Third, if the employer advances such a nondiscriminatory reason, the plaintiff must show that the proffered nondiscriminatory reason for the adverse employment action was really just a pretext for sex discrimination. See Brousard-Norcross v. Augustana College, 935 F.2d 974, 975 (8th Cir. 1991). At all times the burden of proving intentional sex discrimination remains with the plaintiff. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

**PRIMA FACIE CASE**

There is no doubt that Ms. Stevens established the first two elements of a prima facie case of sex discrimination: (1) she engaged in protected activity, the filing of the EEOC charge, and (2) she suffered an adverse employment action, her firing. The district court concluded, however, that Ms. Stevens had not satisfied the third required element of a prima facie case, i.e., she had not established a causal connection between the protected activity and the adverse employment action.

To establish the causal connection, Ms. Stevens relies primarily on the inference to be drawn from the timing of her dismissal. She points out that she worked at the hospital for eighteen and one-half years, but wasn't fired until less than three months after she complained of sex discrimination. Ms. Stevens cites to cases where courts have found sufficient evidence to make out a prima facie case and where the facts showed a timespan between the protected activity and dismissal was from a few days to more than a year. See, e.g., O'Bryan v. KTIV Television, 64 F.3d 1188, 1193 (8th Cir. 1995); Davis v. Fleming Companies, 55 F.3d 1369, 1372-74 (8th Cir. 1995).

On the other hand, the Medical Center cites a number of cases

for the proposition that temporal connection between protected activity and discharge is not alone enough to establish a submissible claim of retaliatory discharge.  See, e.g., Nelson v. J.C. Penney Co., 75 F.3d 343, 346-47 (8th Cir. 1996); Caudill v. Farmland Industries, 919 F.2d 83, 86-87 (8th Cir. 1990).

We understand Ms. Stevens' concern about the appearance that her dismissal, after so long an employment with the Medical Center, may have been triggered by her claim of sex discrimination.  Nevertheless, we do not believe it is necessary on these facts to attempt any further clarification of our case law on whether a temporal connection alone will ever suffice to establish proof of causation.  Instead, we will assume (without deciding) that Ms. Stevens has established a prima facie case and proceed to consider the evidence on the other stages of the McDonnell test.

## NONDISCRIMINATORY REASONS FOR EMPLOYMENT ACTION

The Medical Center put forward two principal reasons for dismissing Stevens, both of which it says are wholly unrelated to her filing of the claim for sex discrimination.

First, the Medical Center introduced evidence of an accident which occurred in June 1990 in the cardiology operating room.  Ms. Stevens allegedly plugged in the cord to a heart fibrillator prematurely sending electrical current to a patient's heart.  The problem was corrected and the operation continued.  Ten days after the incident, Ms. Stevens was issued a corrective counseling report relating to her performance in connection with the accident.  Ms. Stevens contends that the error, if any, was at least partly the fault of the doctor who placed the fibrillator on the patient's heart prematurely.

Second, the Medical Center introduced evidence of an incident on November 15, 1990, in which Ms. Stevens allegedly threatened another employee with a bread knife at a staff meeting.  Ms.

Stevens contends that she merely cut a sandwich during a staff luncheon and made no threat at all.

Although Ms. Stevens had a different recollection of both of these events and does not believe that she was at fault in either, her challenges to the Medical Center's evidence go only to the weight to be given the evidence. We agree with the district court that on these facts the Medical Center did carry its burden of putting forward evidence that it had a nondiscriminatory reason to terminate Ms. Stevens based on misconduct or job performance.

**PRETEXT**

The Medical Center having put forward evidence of nondiscriminatory reasons for its action, the burden shifts back to Ms. Stevens to show that the proffered nondiscriminatory reasons were a mere pretext for sex discrimination. It is at this stage that we believe Ms. Stevens' case fails.

Ms. Stevens did introduce evidence, primarily through her own affidavit, that the two incidents did not occur as the Medical Center had described. In addition, Ms. Stevens clearly doesn't believe that the two incidents -- either alone or together -- would have warranted her dismissal absent her filing of the sex discrimination charge with the EEOC.

However, Ms. Stevens has introduced no additional probative evidence that her dismissal was based on unlawful discrimination beyond her assertion that the timing of her termination raises the inference of retaliation. Even assuming that a mere temporal connection between the filing of an EEOC charge and firing could alone establish a prima facie case of discrimination, we do not believe that the inference to be drawn from the temporal connection is alone enough to prove pretext and satisfy the third stage of the McDonnell test.

Ms. Stevens has failed to carry her burden of proving pretext because she has put forward no evidence to prove that her termination was based on her filing of the charge of sex discrimination.  She has no documentary evidence suggesting retaliation nor any proffer of testimony that would prove retaliation.  In the end, Ms. Stevens has only the bare fact that she was fired and this alone is not enough to preclude summary judgment.  Cf. Broussard-Norcross, 935 F.2d at 976-78.

For the reasons stated herein, the judgment of the district court is affirmed.[3]

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]The appellee's motion to strike items from appellant's appendix is hereby denied as moot.