_____

No. 95-4137
_____

United States of America,       *
                                *
          Appellee,             *
                                * Appeal from the United States
     v.                         * District Court for the
                                * District of Minnesota.
Weldon B. Nelson; Grace M.      *
Nelson,                         *
                                *
          Appellants.           *

_____

          Submitted:  October 24, 1996

              Filed:  December 6, 1996
_____

Before MAGILL, ROSS, and MURPHY, Circuit Judges.

_____

MAGILL, Circuit Judge.

     Weldon and Grace Nelson appeal the decision of the district court[1] in this Farmers Home Administration (FmHA) recovery action. The district court granted summary judgment in favor of the government and denied the Nelsons' motion for summary judgment. The district court held that when the FmHA executed a series of partial releases of property that secured defaulted promissory notes, the FmHA had not effected a foreclosure, and that therefore the FmHA was not precluded from suing on the promissory notes. We affirm.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The Nelsons executed three promissory notes in favor of the FmHA in May 1989. The 1989 notes were part of a restructuring plan for loans in the principal amounts of $371,401.24, $430,179.32, and $340,921.99. The Nelsons incurred these loans in 1979 and 1980 for the purpose of raising and selling poultry. Both the original loans and the 1989 notes were secured in part by a mortgage on the Nelson farm in Clearwater County, Minnesota.

In March 1993, at the request of the Nelsons, the FmHA executed a series of partial releases that allowed the Nelson farm to be sold at its fair market value, $250,000, to the Nelsons' children. The proceeds of the sale were applied to the amount owing on the 1989 notes, after which the Nelsons made no further payments and defaulted on the notes. Consequently, on January 19, 1996, the United States sued the Nelsons on the 1989 notes in federal district court.

Before the district court, the parties submitted the case on cross-motions for summary judgment. The district court held that, assuming arguendo that Minnesota law is applicable, the government is entitled to recover on the notes.[2]

## II.

We review the district court's grant of summary judgment de novo. Johnson v. Baptist Med. Ctr., 97 F.3d 1070, 1072 (8th Cir. 1996). Summary judgment is appropriate when (1) there are no

[2]Because we conclude that Minnesota law does not bar the government from proceeding on the notes and neither party contends that any other rule of decision would bar the government from proceeding on the notes, we do not reach the question of whether Minnesota state law should be the federal rule of decision in this case.

genuine issues of material fact, and (2) the moving party is entitled to judgment as a matter of law.  See Stevens v. St. Louis Univ. Med. Ctr., 97 F.3d 268, 270 (8th Cir. 1996); see also Fed. R. Civ. P. 56(c) (1996).  Because both parties have agreed that there is no genuine issue of material fact in this case, we are left to decide only whether the government is entitled to judgment as a matter of law.

The Nelsons argue that Minn. Stat. § 582.31 (1996) bars the government from bringing suit against them on the notes.[3]  This section precludes a mortgagee of property used for agricultural production from both (1) obtaining a personal judgment for the debt secured by the mortgage and (2) foreclosing on the mortgage and obtaining a deficiency judgment.  See Ed Herman & Sons v. Russell, 535 N.W.2d 803, 806-07 (Minn. 1995) (applying Minn. Stat. § 582.31).  All parties agree that the land in question is used for agricultural production.  The Nelsons contend, however, that when the FmHA released the mortgaged property for sale to the Nelsons' children, the FmHA foreclosed on the mortgaged property.  As a result, according to the Nelsons, the United States is now barred by § 582.31 from suing the Nelsons personally on the notes.  We disagree.

---

[3]Minn. Stat. § 582.31 provides as follows:

(a) For a mortgage on property used in agricultural production entered into on or before March 22, 1986, the mortgagee may only proceed to:

(1) obtain a personal judgment for the debt owed on the note secured by the mortgage and execute on the judgment; or

(2) foreclose the mortgage and obtain a deficiency judgment, if allowed.

(b) An action under paragraph (a), either clause (1) or (2), bars an action under the other clause.

Minnesota statutory provisions provide only two methods of foreclosure. One is by advertisement (public auction), pursuant to Minn. Stat. § 580.01 (1992), and the other is by judicial action, pursuant to Minn. Stat. § 581.01 (1992). Minnesota's statutes clearly define these two methods of foreclosure, and they provide for no other method of foreclosure. Thus, under Minnesota law, if the FmHA did not foreclose by either advertisement or judicial action as described by the Minnesota foreclosure statutes, the FmHA could not have effected a foreclosure.

When the FmHA released the land for sale to the Nelsons' children, the release was not pursuant to a Minnesota foreclosure statute. The FmHA did not act pursuant to either Minn. Stat. § 580.01 or § 581.01; instead, the FmHA executed a series of partial releases to facilitate the Nelsons' request to sell their farm to their children. Because the FmHA did not act pursuant to either § 580.01 or § 581.01, the FmHA did not foreclose on the property under Minnesota law. Accordingly, § 582.31--which applies only to foreclosures--does not bar the government from now suing on the notes.

The Nelsons contend that § 582.31 must be interpreted to bar a suit on a note whenever the security holder has recovered on the secured property, even if the secured party's recovery was not pursuant to a Minnesota foreclosure statute. This interpretation, however, ignores a basic rule of Minnesota statutory construction. The Minnesota Supreme Court has held that "[w]here the statutory language is clear and unambiguous, courts must give effect to its plain meaning." Green Giant Co. v. Commissioner of Revenue, 534 N.W.2d 710, 712 (Minn. 1995). The Minnesota foreclosure statutes make it clear by which procedure a foreclosure is effected, and Minn. Stat. § 582.31 plainly applies only to foreclosures. It would be contrary to the rules of Minnesota statutory construction for us to add to the statute clauses concerning actions that are not foreclosures, as the Nelsons would have us do. Because

-4-

§ 582.31 plainly applies only to foreclosures, we reject the Nelsons' proffered interpretation.

Finally, the Nelsons also argue that subdivisions 4 and 6 of Minn. Stat. § 582.30 (1996) bar the United States from suing on the notes. The Nelsons' reliance on § 582.30, however, is misplaced. This section concerns deficiency judgments and is only triggered if there has been a foreclosure. See, e.g., Minn. Stat. § 582.30 subd. 1 ("a person holding a mortgage may obtain a deficiency judgment against the mortgagor if the amount a person holding a mortgage receives from a foreclosure sale is less than [a specified amount]"); see also Ed Herman & Sons, 535 N.W.2d at 806 n.1 (discussing § 580.30 in the context of foreclosures). Because the FmHA never foreclosed on the Nelsons' farm, § 582.30 is not applicable to this case.

## III.

For the reasons discussed above, we affirm the decision of the district court.

A true copy.

        Attest:


                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-