Therefore, the motion of the defendant for summary judgment on plaintiffs' procedural claims is sustained. An appropriate order is issued herewith.

Sherry **SWARTZBAUGH**, Plaintiff,

v.

**STATE FARM INSURANCE COMPANIES**, Defendant.

No. 4:95–CV–766 (CEJ).

United States District Court,
E.D. Missouri,
Eastern Division.

May 7, 1997.

**492**

Althea Johns, St. Louis, MO, for Plaintiff.

James N. Foster, Jr., Daniel R. Begian, McMahon and Berger, St. Louis, MO, for Defendant.

## MEMORANDUM

JACKSON, District Judge.

This matter is before the Court on the motions of the defendant State Farm Insurance Companies ("State Farm") for summary judgment. *See* Fed.R.Civ.P. 56. The plaintiff has filed a memorandum in opposition to the motions.

The plaintiff brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213.010 *et seq.* The plaintiff claims that the defendant demoted her because of her age. She further claims that upon her demotion she was paid less than the male employee she replaced, and that the defendant retaliated against her for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1]

The plaintiff began working for State Farm as a secretary in 1969 and is still employed there. In April 1990, the plaintiff was promoted to the position of claim specialist MA–3. In this position, the plaintiff was responsible for investigating, evaluating and settling insurance claims. According to the claim specialist MA–3 job description, the position is intended for claim representatives who "demonstrate a high degree of ability in their job performance."

In November 1990, the plaintiff's supervisors began documenting the plaintiff's inabili-

---

1. In her deposition, the plaintiff testified that several of defendant's employees made sexually offensive comments to her. The defendant argues that any claim of sexual harassment that the plaintiff may assert based on this conduct is time-barred and is without merit. Because the plaintiff has not made any allegations of sexual harassment in her complaint, the Court will not address the issue.

ty to meet the demands of the claim specialist MA–3 position. Beginning in late 1990, the plaintiff received evaluations rating the quality of her work as "needs improvement." In a November 2, 1990 memorandum the plaintiff's supervisor, Cindy Marting, informed the plaintiff that her work did not reflect the "high standards set for an MA–3." In particular Marting wrote that the plaintiff had an unacceptably high number of late reports and an "ever increasing" number of pending files. On June 18, 1991, divisional claim superintendent Joe R. Naylor informed the plaintiff that, although she had made progress in improving the quality and timeliness of her reports, future performance problems could result in disciplinary action including termination.

Despite the noted improvements, the plaintiff was unable to maintain an acceptable level of performance. Performance problems similar to those addressed by other supervisors were documented by claim superintendent Tim Wooldridge in a November 25, 1991 performance review letter. On November 12, 1992 claim superintendent Chuck Henderson advised the plaintiff that she would be placed on probation for 60 days because of the mishandling of an arbitration matter.[2] On December 1, 1992, the plaintiff received a performance appraisal memorandum from Henderson discussing her continued inability to complete claim reports in a timely manner. On December 3, 1992, claim manager Jerry Melton recommended to State Farm Vice President John Gilmore that the plaintiff be terminated or demoted.[3] On January 12, 1993, Melton informed the plaintiff that she was being demoted to the position of claim representative MA–1. This demotion resulted in a transfer to the Hazelwood facility and a reduction in salary. On July 7, 1993, the plaintiff filed her first EEOC charge of discrimination claiming that she was demoted because of her age. On December 5, 1994, the plaintiff filed a second EEOC charge of discrimination claiming sex discrimination and retaliation.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of her pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## I. ADEA CLAIM

The plaintiff, who was 42 years old at the time of her demotion, alleges that her

---

**2.** The plaintiff had failed to file an answer with the local arbitration board despite specific instructions to do so.

**3.** Melton's memorandum outlined the efforts made by State Farm to remedy the plaintiff's performance problems. The ameliorative measures included time management training, reas-

signment of files to other claim representatives, and limiting the number of new files assigned to the plaintiff. While these measures led to short-term improvement, according to Melton there was no long-term, permanent change in the plaintiff's job performance.

**494**

demotion and transfer violated the ADEA.[4] The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Any individual age forty years or older is protected by the ADEA. 29 U.S.C. § 631. In the absence of direct evidence of age discrimination, as is the case here, the Court applies the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a claim under the ADEA, the plaintiff must first demonstrate a *prima facie* case of discrimination. *Hase v. Missouri Division of Employment Security,* 972 F.2d 893, 896 (8th Cir.1992), *cert. denied,* 508 U.S. 906, 113 S.Ct. 2332, 124 L.Ed.2d 244 (1992). To establish a *prima facie* case, the plaintiff must demonstrate the following: (1) that she is a member of a protected class, (2) that her job performance met the employer's legitimate expectations; (3) that she suffered some kind of adverse employment action; and (4) that she was replaced by a younger worker. *Id.; Hopper v. Hallmark Cards, Inc.,* 87 F.3d 983, 988 (8th Cir.1996). If the plaintiff makes a *prima facie* showing, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination. *Hopper,* 87 F.3d at 988. Once the defendant has proffered a legitimate reason, the burden shifts again to the plaintiff to demonstrate that the employer's stated reason is a mere pretext for discrimination. *Id.*

■ In the present case, the Court concludes that the plaintiff cannot establish a *prima facie* case of discrimination. The plaintiff's poor work performance demonstrates that she was not qualified for the claim specialist MA–3 position. *See Richmond v. Board of Regents of University of Minnesota,* 957 F.2d 595, 598 (8th Cir.1992). The documents submitted by the defendant show that during an approximate two-year period, the plaintiff's performance was unsatisfactory, that she was given numerous warnings, and that her performance showed no long-term improvement. Given this evidence, the plaintiff cannot establish that she was qualified for the claim specialist MA–3 position from which she was demoted.[5] *See Id.* Therefore, her ADEA claim fails because she cannot establish one of the elements of her *prima facie* case.

■ Assuming, *arguendo,* that the plaintiff could establish a *prima facie* case of age discrimination, the defendant has offered a legitimate, nondiscriminatory reason for plaintiff's demotion and transfer. As discussed above, the affidavits and performance evaluations submitted by the defendant demonstrate that the plaintiff was demoted to the claim representative MA–1 position because of her poor job performance as a claim specialist MA–3. The evidence further shows that the plaintiff was transferred because the Hazelwood facility had the only available claim representative MA–1 position. Thus, the Court finds that the defendant has met its burden of articulating a legitimate, nondiscriminatory reason for the plaintiff's demotion and transfer. *See Richmond,* 957 F.2d at 598.

■ The burden now shifts back to the plaintiff to establish that the defendant's articulated reason is merely a pretext for age discrimination. To satisfy her burden, the plaintiff must produce evidence that is capable of proving that the real reason for her demotion and transfer was age discrimina-

---

**4.** Besides relief under the ADEA, the plaintiff also seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Specifically, she asks the Court to declare that the defendant has engaged in employment practices in violation of the ADEA.

**5.** The plaintiff argues that because the job descriptions for claim representative MA–1 and claim specialist MA–3 are similar, if she was qualified to do the work of the former it follows that she was also qualified to perform the work

of the latter. The Court disagrees. Although the job descriptions are similar, they differ in at least one significant respect. The claim specialist MA–3 position is designed for claim representatives who "demonstrate a high degree of ability in their job performance." The job description further states that the position requires minimal supervision and limited day-to-day direction. The defendant's evidence demonstrates that the plaintiff did not meet these requirements.

tion. *Nelson v. Boatmen's Bancshares*, 26 F.3d 796, 801 (8th Cir.1994). Proof that the defendant's explanation is false or incorrect does not, by itself, demonstrate a pretext for discrimination. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 777 (8th Cir.1995). Plaintiff's evidence must "create an inference of age discrimination such that reasonable minds could agree that age discrimination was the 'determining' factor in the adverse employment action." *Clements v. General Accident Insurance Company of America*, 821 F.2d 489, 491 (8th Cir.1987) quoting, *Tribble v. Westinghouse Electric Corp.*, 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied*, 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983).

 In the present case, the only evidence of pretext offered by the plaintiff are conclusory allegations in her complaint that she was treated differently than younger claim representatives. Although evidence of disparate treatment can support a claim of pretext, the plaintiff must prove that she and the younger employees were "similarly situated in all relevant respects." *Harvey v. Anheuser–Busch, Inc.*, 38 F.3d 968, 972 (8th Cir.1994). The plaintiff, however, has offered no evidence that she was "similarly situated" to the employees whom she asserts were disciplined less severely. Indeed, the plaintiff has not even identified any employee who was treated more favorably. Consequently, the Court concludes that the plaintiff has failed to meet her burden of establishing that the defendant's stated reason for the demotion and transfer was pretextual. *See Richmond*, 957 F.2d at 598.

 Because the plaintiff has failed to establish that the defendant violated the ADEA, she is not entitled to declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *See Bibbs v. Block*, 778 F.2d 1318, 1322–23 (8th Cir.1985).

6. The analysis of Title VII claims is applicable to claims brought under the MHRA as well. *See Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir.1994); *Kramer v. K & S Associates*, 942 F.Supp. 444, 446 (E.D.Mo.1996).

7. The standard is the same whether the plaintiff proceeds under Title VII or the Equal Pay Act, 29

## II. DISPARATE PAY CLAIM

The plaintiff also claims that following her demotion the defendant violated Title VII and the *MHRA* [6] by paying her less than the male employee whom she replaced. Upon her demotion to the claim representative MA–1 position, the plaintiff received a corresponding salary reduction. The reduction was implemented over a two-year period and the plaintiff was not eligible for any merit salary increases during that period. The plaintiff alleges that after her demotion she continued to perform the duties of a claim specialist MA–3. The plaintiff also alleges that the male employee she replaced had been paid a higher salary.

 In order to succeed on her Title VII [7] unequal pay claim, the plaintiff must prove that the defendant paid higher wages to a male employee for equal work on jobs which require equal skill, effort and responsibility and which are performed under similar working conditions. *EEOC v. Cherry–Burrell Corp.*, 35 F.3d 356, (8th Cir.1994). The positions need not be identical, however. It is sufficient if the skill, effort, responsibility and working conditions are substantially equal. *See McKee v. Bi–State Development Agency*, 801 F.2d 1014, 1019 (8th Cir.1986).

 In the present case, the plaintiff cannot establish a *prima facie* case because her position as a claim representative MA–1 was not substantially equal to the position held by the male employee she claims she replaced at the Hazelwood facility. *See Stevens v. St. Louis University Medical Center*, 831 F.Supp. 737, 741 (E.D.Mo.1993), *aff'd*, 97 F.3d 268 (8th Cir.1996). The plaintiff contends that she replaced a male claim specialist MA–3. However, the affidavit of the plaintiff's supervisor at the Hazelwood facility, Randy Lee Kaiser, demonstrates that the plaintiff did not perform the work of a claim specialist MA–3 while at Hazelwood.[8] In

U.S.C. § 206(d). *See McKee v. Bi–State Development Agency*, 801 F.2d 1014, 1019 (8th Cir.1986).

8. In response, the plaintiff has offered no evidence to controvert the defendant's proffered evidence. Consequently, the plaintiff has failed to meet her burden of demonstrating the existence

addition, the record shows that the plaintiff was unable to perform at the level of a claim specialist MA–3. Furthermore, the job duties and responsibilities of that position and those of a claim representative MA–1 are not substantially equal. The significant difference between the two positions is the competency level of the employees. The claim specialist MA–3 position is designed for claim representatives who "demonstrate a high degree of ability in their job performance." A claim specialist MA–3 has more responsibility and operates more independently than a claim representative MA–1. Thus, the Court concludes that the two positions are not substantially equal. Therefore, the defendant is entitled to judgment as a matter of law on this claim.

## III. RETALIATION CLAIM

The plaintiff also claims that the defendant retaliated against her after she filed the July 7, 1993 EEOC charge of discrimination. Specifically, the plaintiff claims that the defendant retaliated against her by transferring her to the Hazelwood facility, by "keeping" her at the Hazelwood facility and by failing to give her "performance appraisals and other benefits of employment" after her transfer.

■■■ To succeed on a claim of retaliation[9] the plaintiff has the burden of establishing (1) that she participated in a protected activity, (2) that an adverse employment action was taken against her, and (3) that there was a causal connection between the adverse employment action and the protected activity. *Stevens v. St. Louis University Medical Center*, 97 F.3d 268, 270 (8th Cir. 1996). Once the plaintiff has established a *prima facie* case, the employer may rebut it by offering a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 271. If the employer proffers such a reason, the plaintiff must then show that the reason was actually just a pretext for discrimination. *Id.*

■■■ As to the transfer to Hazelwood and the denial of performance appraisals and other benefits of employment, the Court concludes that the plaintiff has failed to establish a *prima facie* case of retaliation. First, the plaintiff has failed to prove a causal connection between the filing of her July 7, 1993 EEOC charge and her January 1993 transfer to the Hazelwood facility. Because the plaintiff filed her EEOC charge six months *after* she was transferred to the Hazelwood facility, the filing of the EEOC charge could not have been the basis for her transfer. *See Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir.1994).

Second, the plaintiff cannot establish that she was denied performance appraisals after her transfer. The defendant has submitted copies of the 1994 and 1995 performance appraisals signed by the plaintiff. In addition, the defendant has submitted evidence showing that the plaintiff received a raise in 1995. Consequently, the court concludes that the plaintiff has failed to establish that the defendant took an adverse employment action against her after she filed her EEOC charge by refusing to give her "performance appraisals and other benefits of employment."

■■■ Finally, as to the claim that the defendant is keeping the plaintiff at the Hazelwood facility because of a retaliatory motive, the Court will assume, *arguendo*, that the plaintiff can establish a *prima facie* case. Even so, the plaintiff's claim fails because the defendant has offered a legitimate, nondiscriminatory reason for the plaintiff's continued assignment to the Hazelwood facility. The evidence shows that the Hazelwood facility is the only State Farm office in this area that can accommodate a claim representative MA–1 position on a long-term basis. The plaintiff has offered no evidence that this nondiscriminatory reason for her assignment is merely a pretext for discrimination. Consequently, the Court concludes that the

of a genuine issue of material fact. *See* Fed. R.Civ.P. 56(e).

**9.** The elements of a *prima facie* case of retaliation are the same under Title VII and the ADEA. *See O'Bryan v. KTIV Television*, 64 F.3d 1188,

1193 (8th Cir.1995). In addition, the analysis is the same for an MHRA claim. *Finley v. Empiregas, Inc. of Potosi*, 975 F.2d 467, 473 (8th Cir. 1992).

plaintiff has failed to meet her burden of rebutting the defendant's proffered nondiscriminatory reason. *See Richmond,* 957 F.2d at 598. Therefore, the defendant is entitled to judgment as a matter of law on the retaliation claim.

## ORDER

In accordance with the Memorandum filed herewith this date,

**IT IS HEREBY ORDERED** that the motions of the defendant for summary judgment are **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of the defendant State Farm Insurance Companies and against the plaintiff Sherry Swartzbaugh. The plaintiff shall bear the costs.