# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2575WA

_____

Lois Sanderson,                  *

               Appellant,      *

    v.                         *

Pratt & Whitney PSD, Inc.,    *

               Appellee.       *

Appeals from the United States
District Court for the Western
District of Arkansas.

_____

No. 98-2812WA

_____

[UNPUBLISHED]

Lois Sanderson,                  *

               Appellee,       *

    v.                         *

Pratt & Whitney PSD, Inc.,    *

               Appellant.      *

_____

Submitted: February 8, 1999
Filed: February 18, 1999

_____

Before FAGG and HANSEN, Circuit Judges, and ROSENBAUM,[*] District Judge.
_____

PER CURIAM.

In mid-November 1996, one of Lois Sanderson's coworkers at Pratt & Whitney PSD, Inc. (Pratt & Whitney) made a sexually suggestive comment to Sanderson during their shift. Sanderson complained and the Human Resources Department conducted a formal investigation. (This same coworker also touched Sanderson's hand suggestively on one occasion, but Sanderson did not report that incident until sometime after her discharge.) During the investigation, Sanderson complained that fellow employees were staring and snickering at her and that another employee called her an "instigator" and a "troublemaker." At the end of the investigation, management suspended the coworker who made the inappropriate comment, issued a written warning to Sanderson's supervisor for failing promptly to report the incident, and met with all employees in Sanderson's division to advise them that Pratt & Whitney's sexual harassment policy did not tolerate inappropriate remarks or behavior. In December 1996, Sanderson reported that the stares and snickers were continuing. Two days later, Pratt & Whitney discharged Sanderson. Sanderson then brought this lawsuit and now appeals the district court's grant of summary judgment to Pratt & Whitney on her Title VII hostile work environment and retaliatory discharge claims. Pratt & Whitney cross appeals the district court's denial of its request for attorneys' fees and costs. We affirm.

Initially, Sanderson claims the district court improperly granted summary judgment to Pratt & Whitney on her hostile work environment claim. We disagree. As the district court correctly concluded, Sanderson's claim fails because the conduct of Sanderson's coworkers, although inappropriate, falls far short of the type of severe

_____

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

or pervasive harassment required to sustain an actionable hostile work environment claim and because Pratt & Whitney took prompt action reasonably calculated to stop the inappropriate conduct. See Callanan v. Runyun, 75 F.3d 1293, 1296 (8th Cir. 1996).

Sanderson also challenges the district court's grant of summary judgment on her retaliatory discharge claim. Even assuming Sanderson established a prima facie case, Pratt & Whitney presented a legitimate, nondiscriminatory reason for discharging her. See Montandon v. Farmland Indus., Inc., 116 F.3d 355, 359-60 (8th Cir. 1997). The record shows that Sanderson was discharged for omitting from her job application a former employer who had fired her and that the job application stated such an omission was grounds for dismissal. Sanderson was thus required to show Pratt & Whitney's reason was a pretext for illegal retaliation. The only evidence Sanderson presents is that she was discharged two days after renewing her complaints and, without more, this evidence is insufficient to establish pretext. See Stevens v. St. Louis Univ. Med. Ctr., 97 F.3d 268, 272 (8th Cir. 1996).

After carefully reviewing the record, we also conclude the district court properly denied Pratt & Whitney's requests for attorneys' fees and costs. See Marquart v. Lodge 837, Int'l Ass'n of Machinists and Aerospace Workers, 26 F.3d 842, 849 (8th Cir. 1994) (attorneys' fees); Greaser v. State of Missouri, Dep't of Corrections, 145 F.3d 979, 985 (8th Cir.) (costs), cert. denied, 119 S. Ct. 620 (1998).

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.