Birdie C. McKEE, Appellant,

v.

BI–STATE DEVELOPMENT AGENCY, Board of Commissioners, Bi-State Development Agency, Appellees.

No. 85–2312.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1986.

Decided Sept. 22, 1986.

Michael J. Hoare, St. Louis, Mo., for appellant.

Alif A. Williams, St. Louis, Mo., for appellees.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Birdie C. McKee appeals from a final order entered in the District Court for the Eastern District of Missouri denying her Title VII claim, her motion for related attorney's fees, and her liquidated damages claim. The district court entered judgment against McKee on the Title VII claim and the claim for liquidated damages after the jury awarded her five thousand dollars in compensatory damages on an Equal Pay Act claim. For reversal, McKee argues the district court erred in (1) dismissing the Title VII claim after the jury returned a verdict in her favor on the Equal Pay Act claim, (2) denying her liquidated damages on the Equal Pay Act claim, and (3) reducing the attorney's fees award. For the reasons discussed below, we affirm in part and reverse in part the judgment of the district court, and remand with directions.

Birdie McKee is a female employee of respondent Bi-State Development Agency (Bi-State). McKee was employed by Bi-State as a research assistant from 1975 until June 1981, at which time she was informed that she would be laid off from employment. When she learned of the layoff, McKee filed a complaint with the Equal Employment Opportunity Commission alleging sex discrimination. Thereafter, Bi-State hired her as a maintenance supervisor.

In 1985 McKee brought the current action alleging Bi-State had discriminated against her because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Equal Pay Act, 29 U.S.C. § 206(d)(1), and 42 U.S.C. § 1983. She dismissed the § 1983 claim before the June 1985 trial.

McKee's evidence at trial established that her male counterpart was paid a total of $15,690.00 more than she was paid in the four-year period during which they performed equal duties as employees of Bi-State. The Equal Pay Act claim was tried to a jury, who returned a verdict of $5,000.00 for McKee. The Title VII claim was tried to the district court on the same evidence and was rejected. The district court concluded that Bi-State had provided a legitimate, nondiscriminatory reason for the pay difference (the male employee's ability to supervise mechanical workers) and that McKee had not suffered discriminatory treatment. *McKee v. Bi-State Development Agency*, No. 84–1234C(3), slip op. at 7–9 (E.D.Mo. June 19, 1985) (memorandum opinion). The district court also rejected McKee's claim for liquidated damages under the Equal Pay Act, reasoning that Bi-State had acted in good faith. *Id.* at 9. In September 1985 the district court granted McKee's timely request for attorney's fees in the amount of $16,652.00, reducing the amount requested to allow only the fees for the Equal Pay Act claim on which she had prevailed. *Id.*, slip op. at 2–6 (Sept. 30, 1985) (order).

On October 25, 1985, McKee filed a notice of appeal from the order denying her Title VII and liquidated damages claims and the order granting her reduced attorney's fees. Bi-State filed a motion to dismiss for an untimely notice of appeal.

Before reaching the merits of the case, we must first consider Bi-State's motion to dismiss for failure to file a timely notice of appeal. The primary issue, the parties agree, is whether this court has jurisdiction to review the June 19, 1985, order on the merits. Relying on *Obin v. District No. 9, International Ass'n of Machinists*, 651 F.2d 574 (8th Cir.1981) (*Obin*), Bi-State argues that the time for appeal from a judgment on the merits runs from the date that the judgment is entered. Because McKee's notice of appeal was filed more than thirty days after the judgment on the merits, Bi-State contends this court lacks jurisdiction over the June 19 order pursuant to Fed.R.App.P. 4(a)(1). McKee argues that

by virtue of E.D.Mo.R. 30 (Rule 30), the June 19 judgment was not final and appealable until the attorney's fees order was entered on September 30, 1985.[1] We ordered the parties to submit supplemental briefs on the issue of whether Rule 30 is valid in light of *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) *(White), Obin,* and *Gates v. Central States Teamsters Pension Fund,* 788 F.2d 1341 (8th Cir.1986) *(Gates ).*

Rule 30 was adopted after, and evidently in response to, the *Obin* decision. In *Obin,* this court held that "a motion for assessment of attorney's fees raises a collateral and independent claim and, accordingly, [will] not be governed by the ten-day limitation prescribed in [Fed.R.Civ.P.] 59(e) for motions to alter or amend a judgment." 651 F.2d at 575. *Obin* also states that a post-judgment motion for attorney's fees does not toll the time from which appeals must be taken from a final judgment on the merits. *Id.* at 584. *See also Gates,* 788 F.2d at 1342 n. 2 (district court order dismissing complaint is final and appealable even though amount of attorney's fees and costs to be awarded to defendant as a sanction against plaintiff are not yet determined). This court was concerned in *Obin* that its decision in the case might result in piecemeal appeals and suggested two courses of action to avoid the problem. First, it was suggested the district courts could delay entry of judgment on the mer-

its pending determination of attorney's fees claims. 651 F.2d at 583. Second, it was suggested the district courts could adopt a uniform rule requiring a claim for attorney's fees be filed within twenty-one days after the entry of judgment and then promptly decide these claims.[2] *Id.*

Rule 30 incorporates part of our second suggestion in *Obin* that local rules be adopted to establish time limits for the filing of post-judgment claims for attorney's fees. Rule 30 conflicts with *Obin,* however, because Rule 30 provides that a timely post-judgment motion for attorney's fees makes the decision on the merits not final. McKee argues that the effect of Rule 30 is only to delay entry of judgment, as mentioned in *Obin,* but we are not persuaded by this interpretation. Rule 30 explicitly attempts to render a judgment actually entered not final.

District courts are empowered to prescribe rules that are consistent with Congressional Acts and with the Federal Rules of Civil Procedure. 28 U.S.C. § 2071; Fed.R.Civ.P. 83. Because Rule 30 is inconsistent with the construction of 28 U.S.C. § 1291 set forth by this court in *Obin,* and treats orders that are final under the statute as nonfinal, it is invalid. To the extent that the finality provision of Rule 30 is an attempt to define final orders, it also constitutes an attempt to regulate this court's jurisdiction. We hold invalid that portion of Rule 30 that makes orders on the merits not final pending determina-

---

**1.** Rule 30 provides:
 In any case where a party is entitled to an award of attorney's fees, regardless of whether said entitlement has its source in a contract or a statute, said party shall file a claim for attorney's fees no later than twenty-one (21) days after entry of judgment on the merits. Whenever a party files a claim for attorney's fees within the twenty-one day period, the judgment on the merits shall not be deemed final until the district court has ruled on the claim for attorney's fees. The purpose of this rule is to encourage consolidated appeals of judgments on the merits and claims for attorney's fees, and to avoid piecemeal appeals. E.D.Mo.R. 30.

**2.** *Obin v. District No. 9, Int'l Ass'n of Machinists,* 651 F.2d 574 (8th Cir.1981) *(Obin ),* was ap-

proved in *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) *(White).* In *White,* the United States Supreme Court held that the ten-day limit of Fed.R.Civ.P. 59(e) did not apply to motions for attorney's fees made pursuant to 42 U.S.C. § 1988. 455 U.S. at 451, 102 S.Ct. at 1166. The Court also seemed to approve the view that "decisions on the merits may be 'final' and 'appealable' prior to the entry of a fee award." *Id.* at 452 n. 14, 102 S.Ct. at 1167 n. 14, *citing Obin,* 651 F.2d at 583–84. In addition the Court noted that the district courts could establish time deadlines for filing attorney's fees claims and encouraged the district courts to promptly decide such claims in order to avoid piecemeal appeals. 455 U.S. at 454, 102 S.Ct. at 1167.

tion of post-judgment motions for attorney's fees.

 We must next decide whether we should permit McKee's appeal to go forward, even though it was untimely filed, because McKee reasonably relied on the invalid rule in not filing a timely appeal. McKee argues she reasonably relied upon Rule 30 and, therefore, should be excused pursuant to the "unique circumstances" exception for an untimely appeal. *See, e.g., Insurance Co. of North America v. Bay,* 784 F.2d 869, 872 (8th Cir.1986).[3] Bi-State argues that McKee's reliance on Rule 30 could not have been reasonable because Rule 30 was inconsistent with *White* and *Obin.* It is our view that application of the "unique circumstances" exception in the present case would be consistent with the purpose of the exception, which is to prevent a party from losing the right to appellate review due to a district court's error. Accordingly, we hold McKee's reliance upon Rule 30 was reasonable and thus proceed to the merits of the appeal.

McKee contends the district court erred as a matter of law in dismissing her Title VII claim.[4] McKee claims that she established a prima facie case of employment discrimination on the basis of sex and that Bi-State failed to articulate a legitimate reason for its actions that would dispel this inference of discrimination. *See, e.g., Craft v. Metromedia, Inc.,* 766 F.2d 1205, 1211 n. 5 (8th Cir.1985), *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973). McKee argues that because the only evidence Bi-State offered to refute her prima facie case (the male employee's ability to supervise mechanical workers) was rejected by the jury on her Equal Pay Act claim, the district court erred in find-

ing, in the context of the Title VII claim, that Bi-State showed that its actions were properly motivated. *See generally Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981).

McKee argues essentially that the jury's verdict in her favor on the Equal Pay Act claim required the district court to follow that determination in the accompanying Title VII claim. This court has stated that Title VII and the Equal Pay Act are to be construed in harmony. In a suit brought under both the Equal Pay Act and Title VII, we characterized the basic analysis of the claims as "essentially the same under either theory." *Strecker v. Grand Forks County Social Service Board,* 640 F.2d 96, 99 (8th Cir.1980) (banc) (*Strecker*) (footnote and citation omitted). McKee argues that the reasoning of this court in *Strecker* is supported in *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981) (*Gunther*) (effect of § 703(h) of Title VII, the Bennett Amendment, is to incorporate the four affirmative defenses of the Equal Pay Act claim into Title VII for sex-based wage discrimination claims). In *Gunther,* the United States Supreme Court held that even though a plaintiff failed to satisfy the equal work standard of the Equal Pay Act, the plaintiff could still proceed with a sex discrimination claim under Title VII. *Id.* at 181, 101 S.Ct. at 2253. On the facts of *Gunther,* the Court noted that it did not need to decide how to accommodate the Equal Pay Act defenses under the structure of Title VII. *Id.* at 171, 101 S.Ct. at 2249. The Court indicated, nonetheless, that the incorporation of the "factor other than sex" affirmative defense could have "significant consequences for Title VII litigation." *Id.* at

---

**3.** Untimely appeals may be heard where "[a] party's reasonable reliance on the erroneous action of a district court which causes the party to file an untimely notice of appeal will justify the enlargement of the time period for filing an appeal." *Insurance Co. of N.A. v. Bay,* 784 F.2d 869, 872 (8th Cir.1986).

**4.** An erroneous conclusion of the district court based on an incorrect view of the law may be

set aside on appeal. *Pullman-Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). Despite Bi-State's assertions to the contrary, the question at issue in consideration of the merits of this case is one of law, not of fact, and thus the "clearly erroneous" standard of review of Fed.R.Civ.P. 52(a) does not apply. *Id.*

170, 101 S.Ct. at 2248. Since *Gunther*, McKee points out that the Ninth and Sixth Circuit Courts of Appeal have analyzed cases involving joint claims of sex discrimination under Title VII and the Equal Pay Act using an Equal Pay Act analysis. *See Kouba v. Allstate Insurance Co.*, 691 F.2d 873, 875 (9th Cir.1982), *and Odomes v. Nucare, Inc.*, 653 F.2d 246, 250–51 (6th Cir.1981). McKee argues that, even prior to *Gunther*, this court used Equal Pay Act analysis in cases alleging both Title VII and Equal Pay Act claims. *E.g., Orahood v. Board of Trustees*, 645 F.2d 651, 654 (8th Cir.1981) (*Orahood*); *Strecker*, 640 F.2d at 99–100.

Bi-State argues that the district court did not err in dismissing McKee's Title VII claim after a favorable Equal Pay Act verdict because the evidentiary burdens of proof are different under Title VII and the Equal Pay Act. Bi-State contends Title VII requires proof of intentional discrimination and the ultimate burden of persuasion is on the plaintiff, which McKee did not meet. By contrast, Bi-State argues that the Equal Pay Act creates a type of strict liability once the claimant establishes a prima facie case, with the burden then shifting to the defendant who must affirmatively demonstrate that the disparity in pay is due either to seniority, a merit system, a production system, or, what is at issue here, a difference based upon "any factor other than sex." *Strecker*, 640 F.2d at 99 n. 1. Bi-State contends McKee's reliance on *Strecker* is misplaced because *Strecker* cannot be read to hold that a jury award on an Equal Pay Act claim requires the district court to follow that determination in an accompanying Title VII claim.

 Where a claim is for unequal pay for equal work based upon sex, the standards of the Equal Pay Act apply whether the suit alleges a violation of the Equal Pay Act or of Title VII. *See Orahood*, 645 F.2d at 654 n. 3. The plaintiff has the burden to prove that the employer pays different wages to employees of opposite sexes for "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974) (*Corning*).[5] The employer may, notwithstanding this showing, escape liability if one or more of the four affirmative defenses in the Equal Pay Act, incorporated into Title VII, are proven. *Id.* at 196–97, 94 S.Ct. at 2229; *Orahood*, 645 F.2d at 654 n. 3. In the present case, the jury found that McKee had met her burden of proof in establishing sex discrimination under the Equal Pay Act. By finding in her favor, it also follows that the jury concluded that Bi-State had failed to prove an affirmative defense. Therefore, the jury verdict in favor of McKee on her Equal Pay Act claim is inconsistent with the district court's denial of her Title VII claim. We conclude the inconsistency is due to an error of the district court in applying the standard of proof.

Based on our conclusion that the district court erred as a matter of law, we reverse and remand with instructions to the district court to enter judgment in favor of McKee on her Title VII claim and to grant appropriate injunctive relief under Title VII. The district court is also instructed to reconsider its order with respect to attorney's fees. McKee has prevailed on her Title VII claim and she is thus also entitled to reasonable fees related to work on that claim.

 We next turn to McKee's contention that the district court erred in denying her liquidated damages under the Equal Pay Act. The district court has discretion to deny liquidated damages under the Equal Pay Act if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation." 29 U.S.C. § 260.

---

5. The positions need not be identical; only substantial equality of skill, effort, responsibility, and working conditions is required. *Shultz v.*

*Wheaton Glass Co.*, 421 F.2d 259, 265 (3d Cir.), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1696, 26 L.Ed.2d 64 (1970).

Bi-State, as the employer, bore an affirmative burden to show both subjective good faith and objective reasonable grounds for belief of compliance. *See Clymore v. Far-Mar-Co., Inc.*, 709 F.2d 499, 505 (8th Cir. 1983); *Herman v. Roosevelt Federal Savings & Loan Ass'n*, 569 F.2d 1033, 1035 (8th Cir.1978). To recover liquidated damages, McKee did not need to establish that Bi-State had intentionally violated the Equal Pay Act. *See Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir.1984).

The district court's finding that Bi-State acted in good faith cannot be reconciled with the jury verdict of discrimination due to sex. Further, there is no evidence in the record to support the district court's finding that Bi-State acted upon a reasonable belief that it was in compliance with the Equal Pay Act. Bi-State's practice of paying different wages to employees who performed the same job clearly violated the Act. We conclude these findings of the district court are clearly erroneous. Fed.R. Civ.P. 52(a). The district court's denial of liquidated damages to McKee in the amount of $5,000.00 is therefore reversed.

Accordingly, the judgment of the district court is affirmed in part, reversed in part, and remanded with instructions. On remand the district court shall enter a judgment in favor of McKee on her Title VII and liquidated damages claims. The district court shall also grant appropriate injunctive relief and reconsider the attorney's fees award.