KARL'S, INC.; Atchley Appliance
& TV, Inc., Appellants,

v.

SUNRISE COMPUTERS, INC.; Digital
Equipment Corporation, Appellees.

No. 92–2545.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1993.

Decided April 7, 1994.

---

Celia Miner, Yankton, SD, argued (Rick Johnson, Gregory, SD, on the brief), for appellant.

E. Joseph Dean, Portland, OR, argued (Edwin E. Evans, Sioux Falls, SD, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

This is the third time this case has reached us on appeal. In *Karl's Inc. v. Sunrise Computers, Inc.,* 901 F.2d 657 (8th Cir.1990), we affirmed the district court's grant of summary judgment in favor of Digital Equipment Corp. (Digital) in Karl's, Inc.'s and Atchley Appliance and TV, Inc.'s (Karl's) action against it arising out of some disk drives that Digital had furnished to Sunrise Computers. We reversed the district court's order denying Digital's motion for leave to amend its answer to allege a counterclaim for attorneys' fees under the provisions of Oregon law and remanded the case to the district court with instructions to grant Digital leave to so amend its answer and to conduct further proceedings on Digital's claim for attorneys' fees.

It was our assumption that upon remand the case would be resolved expeditiously once the amended answer was filed. Such was not the case, however, for Karl's initiated extensive discovery proceedings with respect to Digital's counterclaim for fees and costs, including a demand for the production of documents that Digital claimed were protected by the attorney-client and work product privileges. These demands led to Digital's filing a petition for writ of mandamus with this court asking that the district court be directed to vacate the orders it had entered denying Digital's objections to subpoenas and its assertion of privilege with respect to the documents in question.

Following oral argument, we entered a judgment on November 6, 1991, issuing a writ of mandamus ordering the district court to vacate the orders it had entered denying the objections to the subpoenas and overruling the claim of privilege. *See In re Digital Equipment Corp.,* 949 F.2d 228 (8th Cir. 1991).

On June 4, 1992, the district court held a hearing on the counterclaim. The court ruled that under the provisions of Or.Rev. Stat. § 20.096(1), Digital was entitled to an award of $90,000 for attorneys' fees (Digital had asked for approximately $110,000). It also ruled that the costs referred to in the Oregon statutes were similar to taxable costs allowable under South Dakota law and therefore did not allow Digital's claim for reimbursement of the $9,988 it had incurred in expenses in defending against Karl's complaint against it.

The district court denied Karl's motion for reconsideration, and this appeal followed.

■ Among other things, Karl's argues on appeal that it should have been given a hearing and was entitled to the entry of findings of fact and conclusions of law on the amount of the attorneys' fees. We agree with Digital, however, that Karl's received an adequate hearing on this issue. The district court had Digital's lengthy and highly detailed claim for attorneys' fees, supported by itemized time sheets, before it and permitted the parties to argue at length regarding the reasonableness of the amount of time spent by Digital's counsel on the case and the hourly rates to be awarded for that time. Whether to hold a hearing on the matter of attorneys' fees is a matter of procedure governed by federal law. *Shakey's, Inc. v. Covalt,* 704 F.2d 426, 435 (9th Cir.1983). As was true in *Shakey's, Inc.,* the record in the present case contains ample evidence to support an award of fees, and the district court's ruling was sufficiently detailed to permit review of that award.

Karl's next argues that it should have been given a hearing on whether Digital's supplying of the replacement of the disk drives effected a novation of the contract with Sunrise. We agree with Digital that, assuming that it was properly raised in the district court, this theory finds no support in fact or in law and thus requires no further discussion.

Karl's next contends that the district court should have considered the tort aspects of its complaint, arguing that our opinion in the first appeal merely held that Digital should have been permitted to file a counterclaim based on its theory that Karl's action sounded in contract rather than tort. This argument, however, overlooks the fact that we held that because Karl's had not raised the misrepresentation theory of liability in the district court we would not consider it on appeal. In any event, on remand the district court permitted Karl's to argue its misrepresentation theory and then stated that "the record in this case establishes as a matter of law that [this] is a breach of contract action," a ruling with which we are in full accord.

We have considered Karl's remaining contentions, including its argument that Digital had not properly pled its counterclaim, and find that they constitute only last-ditch efforts to avoid the award of substantial attorneys' fees against it and are without merit.

In addition to its claim for fees incurred in defending against Karl's action and in establishing its claim for such fees in the district court, Digital asks us to grant its claim for fees incurred in the first appeal to this court ($19,198.50) and in connection with the mandamus proceedings before us ($11,882.50). Further, Digital has stated that it will file a claim for fees incurred in connection with the present appeal once the matter has been finally resolved.

There is no doubt but that Digital's counsel have expended a good deal of time in defending Digital, both in the district court and on appeal. We find no errors in the amounts claimed (hours × hourly rates), and we are left only with the question of what a reasonable fee would be under all the circumstances of the case. Digital reminds us that a good deal of the time spent on this case resulted from Karl's post-remand discovery demands that required Digital to file mandamus proceedings in this court. As Digital points out, the Supreme Court has reminded us that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Unfortunately, that is what occurred in the present case.

■ Karl's argued before the district court that the fees claimed by Digital are greatly disproportionate to the amount claimed against Digital in Karl's complaint (some $71,000) and that Digital was in effect lying in wait to spring its claim for attorneys' fees. Although there may well be cases in which the amount claimed for attorneys' fees may appear to be wildly disproportionate to the amount of money involved in the underlying controversy,[1] we do not believe that this case is one of them. On the other hand, we recognize that amounts claimed by Digital,

1. *See, e.g.,* Wade Lambert, "Ever Hear the One About the Lawyers and Window Bars?," *Wall Street Journal,* March 23, 1994, at A1 (claim for $909 cost of installing window bars, resulting in claim for $61,406 in fees and expenses).

both in the district court and on appeal, are substantial (indeed, they may appear to be astronomical to those of us who have been away from the day-to-day practice of law for more years than we care to admit—but then again, current judicial salaries may also seem large in comparison to what they were in those far-off years).

Although Digital's counsel no doubt spent the time they claim to have spent on the case, we conclude that an award of less than the amount claimed will be adequate to vindicate Digital's rights under the Oregon statute and the provisions of the contract. Without elaborating at length on our reasons for the award that we conclude is reasonable in this case, we believe that Digital is entitled to recover the amount claimed for the work its counsel did in the district court proceedings prior to the first appeal ($60,866.50), fees for the work performed in connection with that appeal ($19,140.00), and fees for the work done in the district court on remand (other than for the mandamus proceedings) ($6,000.00), for a total award of $86,006.50. We recognize, of course, that this award reflects less than the full amount claimed for the post-remand work in the district court and includes nothing for the work done in connection with the mandamus proceedings in the district court or on appeal to this court, nor for the present appeal. Although our award may in part reflect our impressionistic (some might say gnostic) view of the time properly chargeable to Karl's, we believe that it represents an equitable award in light of all the circumstances of the case. It is enough for us to say that the time has come to put this matter to rest, and so, as modified by this opinion, we affirm the district court's judgment awarding fees and enter judgment against Karl's in the amount of $19,140 for the fees incurred in connection with the first appeal in this case.