17 F.Supp.2d 1056 (1998)
Desiree HERNDON, Plaintiff,
v.
WM. A. STRAUB, INC., Defendant.
No. 4:95-CV-2051 CAS.
United States District Court, E.D. Missouri, Eastern Division.
September 14, 1998.
*1057 *1058 David C. Howard, Howard and Associates, St. Louis, MO, for Plaintiff.
John Gianoulakis, Partner, Alan C. Kohn, Partner, Kohn and Shands, Joseph H. Mueller, F. Douglas O'Leary, Moser and Marsalek, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on post-trial motions filed by both parties. Plaintiff's complaint asserted claims under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d) (Count I); sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, et seq. (Count II); race discrimination in violation of 42 U.S.C. § 1981 (Count III); and sex discrimination in violation of the Missouri Human Rights Act ("MHRA"), RSMo. §§ 213.010, et seq. (1994) (Count IV).
This matter was tried and plaintiff's EPA, Title VII and § 1981 claims were submitted to the jury on Special Verdict Forms A, B and C. The jury returned its verdict in favor of plaintiff on the EPA claim on Special Verdict Form A. After the jury indicated it was unable to render a verdict on plaintiff's Title VII and § 1981 claims, the Court declared a mistrial on those claims. (See Judgment of Feb. 26, 1998.)
Pending before the Court are defendant's motion for judgment as a matter of law; plaintiff's motion to dismiss her § 1981 race discrimination claim with prejudice; plaintiff's motion for entry of judgment on her Title VII claim and for judgment of liquidated damages on her EPA claim; plaintiff's motion for a new trial on the issue of damages on her Title VII claim; and plaintiff's initial motion for an award of attorney's fees and costs. Except for plaintiff's motion to dismiss her § 1981 claim, the motions are opposed. As it is unopposed, plaintiff's motion to dismiss her § 1981 claim will be granted without discussion.

I. Discussion.

A. Defendant's Motion for Judgment as a Matter of Law.

The Court first addresses defendant's motion for judgment as a matter of law under Rule 50(b), Federal Rules of Civil Procedure. Defendant presents twelve points in support of its motion, and argues that judgment should be entered in its favor on all four counts of plaintiff's Complaint.
In ruling on a motion for judgment as a matter of law, the district court must (i) consider the evidence in the light most favorable to the prevailing party; (ii) assume that all conflicts in the evidence were resolved in favor of the prevailing party; (iii) assume as proved all facts that the prevailing party's evidence tended to prove; (iv) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. Ryther v. KARE 11, 108 F.3d 832, 844 (8th Cir.) (en banc), cert. denied, ___ U.S. ___, 117 S.Ct. 2510, 138 *1059 L.Ed.2d 1013 (1997). That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence. Haynes v. Bee-Line Trucking Co., 80 F.3d 1235, 1238 (8th Cir.1996) (citations and internal quotations omitted).
"The law places a high standard on overturning a jury verdict." Hathaway v. Runyon, 132 F.3d 1214, 1220 (8th Cir.1997). Judgment as a matter of law is proper only when the evidence is such that, without weighing the credibility of witnesses, there is a complete absence of probative facts to support the verdict. EEOC v. HBE Corp., 135 F.3d 543, 554 (8th Cir.1998) (citing Ryther, 108 F.3d at 845).
The Court has carefully considered defendant's arguments and the evidence presented at trial, and finds there is not a complete absence of probative facts to support the verdict in plaintiff's favor. Defendant's motion for judgment as a matter of law should therefore be denied with respect to plaintiff's EPA claim in Count I. For the reasons discussed below, the motion should also be denied with respect to plaintiff's Title VII claim in Count II. The motion is moot as to plaintiff's § 1981 claim, but will be granted as to plaintiff's MHRA claim, which was abandoned at trial when plaintiff did not submit an instruction to the jury on the claim.[1]

B. Plaintiff's Motion for Entry of Judgment on her Title VII Claim.

Plaintiff moves for entry of judgment on her Title VII claim as a matter of law, contending she is entitled to judgment on this claim because the jury found she met her burden of proof on the EPA claim, that defendant paid different wages to her male predecessor for substantially equal work solely on the basis of sex. Plaintiff states that in the Eighth Circuit, a jury verdict on an EPA claim is dispositive of a plaintiff's sex-based Title VII claim founded on the same facts, citing McKee v. Bi-State Devel. Agency, 801 F.2d 1014 (8th Cir.1986) ("McKee"). Plaintiff contends that because the jury found in her favor on the EPA claim, it had to conclude that defendant failed to prove an affirmative defense necessary to preclude liability.
Defendant responds that the jury verdict on plaintiff's EPA claim does not require or even allow the Court to enter judgment on the Title VII claim, because of fundamental substantive and procedural differences between Title VII and the EPA. Defendant asserts that (i) substantively, Title VII requires a showing of discriminatory intent, while the EPA creates a type of strict liability in which no intent to discriminate is required; and (ii) procedurally, the Title VII plaintiff always retains the ultimate burden of proof to show a discriminatory intent and that an articulated justification was pretextual, while in an EPA case once the plaintiff establishes a prima facie case, the defendant has the burden to prove that the wage disparity is the result of one of the four statutory affirmative defenses. Defendant cites several cases from other circuits which hold that liability under the EPA is not necessarily equivalent to liability under Title VII.[2]
Defendant contends the McKee decision on which plaintiff relies is not controlling because it "does not squarely address the discriminatory intent requirement under Title VII and the different evidentiary burdens of Title VII" and the EPA. (Def.'s Mem. Opp. at 5.) Defendant notes that McKee predates the Supreme Court's decision in St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), which emphasized that the ultimate burden of proof remains with a Title VII plaintiff at all times. Defendant argues that McKee is no longer good law to the extent it holds liability under the EPA leads automatically to Title VII *1060 liability, because its reasoning does not require the plaintiff to satisfy the ultimate burden of proving intentional discrimination which is essential under Title VII.
The Court cannot agree with defendant. In McKee, the Eighth Circuit specifically rejected the argument that the different burdens of proof and persuasion under the EPA and Title VII required different conclusions on McKee's claims for gender-based wage discrimination under those acts. See McKee, 801 F.2d at 1019. As plaintiff notes, the circuit split regarding the appropriate analysis of these claims, with respect to the differing burdens under the EPA and Title VII, predates the Hicks decision.[3] The McKee holding, that proof of an EPA claim is dispositive of a plaintiff's sex-based Title VII claim founded on the same facts, is consistent with the Secretary of Labor's interpretation of the EPA in 29 C.F.R. § 1620.27(a), which states that where the jurisdictional prerequisites of both the EPA and Title VII are met, "any violation of the Equal Pay Act is also a violation of Title VII."[4]
The Eighth Circuit has recently reaffirmed the proposition that where a plaintiff asserts a claim of "unequal pay for equal work on the basis of sex, the standards are the same whether the plaintiff proceeds under Title VII or the Equal Pay Act." Kindred v. Northome/Indus. Sch. Dist. No. 363, 154 F.3d 801, 803 (8th Cir.1998) (quoting EEOC v. Cherry-Burrell Corp., 35 F.3d 356, 360 (8th Cir.1994)) (quoting McKee, 801 F.2d at 1019); see EEOC v. Delight Wholesale Co., 973 F.2d 664, 669 (8th Cir.1992) (quoting McKee, 801 F.2d at 1019); Floyd v. Kellogg Sales Co., 841 F.2d 226, 229 n. 2 (8th Cir.) (same), cert. denied, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988). From all indications, McKee reflects the law in this circuit on the issue and is controlling in the present case.
Therefore, the jury's verdict in favor of plaintiff on her EPA claim entitles her to judgment as a matter of law on her Title VII sex discrimination claim. Plaintiff's motion for entry of judgment of liability on her Title VII claim should be granted.

C. Plaintiff's Motion for New Trial on the Issue of Damages on her Title VII Claim.

Having determined that plaintiff is entitled to a judgment of liability on her Title VII claim, the Court turns to plaintiff's motion for new trial on the issue of emotional distress damages under that claim.[5]
Plaintiff asserts that the jury's answers to the written interrogatories in Verdict A in her favor, accompanied by the jury's failure to return a verdict in her favor on the Title VII claim, implicates Rule 49(b), Fed.R.Civ. P., which allows a new trial on damages where a jury's answers to written interrogatories require a finding for plaintiff on the question of liability. Plaintiff also asserts that under Rule 59(a), Fed.R.Civ.P., a new trial limited to the issue of damages is appropriate where there is a finding for the plaintiff but no or inadequate damages are awarded, citing Greenwood Ranches v. Skie Constr. Co., 629 F.2d 518, 522 (8th Cir.1980). Plaintiff states that because the jury determined defendant intentionally discriminated against her because of her sex, there is no need to relitigate that issue in connection with her claim of non-pecuniary damages under Title VII.
In response, defendant does not challenge the procedural basis of plaintiff's motion. Rather, defendant asserts that even if *1061 a judgment of liability is entered against it on plaintiff's Title VII claim, plaintiff failed to offer competent, non-speculative evidence of emotional distress damages, and therefore a new trial on damages would be "completely speculative", citing Carey v. Piphus, 435 U.S. 247, 263-64, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).[6] (Def.'s Mem. Opp. Mot. New Tr. at 3.) Defendant acknowledges that a Title VII plaintiff can prove emotional injury without expert medical testimony, but contends this plaintiff did not present competent evidence of emotional distress damages, because she did not testify she suffered any physical manifestation of her emotional distress, present evidence of "any life-altering event occasioned by her distress", present any witnesses to bolster her alleged damage, or produce any bills or evidence of monetary loss, and she admitted that stress factors in her life other than defendant's conduct contributed to her state of distress. (Def.'s Mem. Opp. to Pl.'s Mot. for Judg. at 9.)
The Court agrees with plaintiff that a new trial limited to the issue of emotional distress damages under Title VII may be appropriate, as the jury's finding of intentional wage discrimination on the basis of sex entitles her to a judgment of liability under Title VII. The Court now turns to defendant's contentions concerning the competence of plaintiff's evidence of emotional distress damages.
As defendant acknowledges, medical or other expert evidence is not required to prove emotional distress damages under Title VII. Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir.1997). Whether plaintiff presented "competent" evidence of such damages is the issue. Based on a review of other cases in which plaintiffs obtained emotional distress damages, the Court finds that she did. For example, in Delph v. Dr. Pepper Bottling Co. of Paragould, Inc., 130 F.3d 349 (8th Cir.1997), the plaintiff testified that as a result of a racially hostile work environment, he felt "emotionally hurt" and had headaches, his stomach hurt, and he eventually resigned his job because he was under a lot of pressure and "just couldn't take it no more." Id. at 357. The only other evidence of emotional distress was the testimony of plaintiff's wife, who said plaintiff "was very withdrawn" and "was upset a lot of time." Id. The district court awarded plaintiff emotional distress damages of $150,000.00. The Eighth Circuit observed that plaintiff's physical and emotional complaints were "vague and ill-defined, and are not characterized as especially intense", id. at 358, and Court reduced the district court's award of emotional distress damages to $50,000.00. The Court necessarily concluded, however, that the sparse evidence presented of the plaintiff's complaints was competent to establish emotional distress damages.
In this case, plaintiff testified that she had stress at work, including "the everyday stress of knowing that I was being underpaid for doing two jobs and Mr. Straub was not acknowledging me in this area. So there was more stress on me than anything I would imagine. The stress that I had at home was normal, okay, but it was stress also." (See Excerpt of Trial Transcript, at 2.) Plaintiff testified that as a result of stress she visited a therapist twice. Plaintiff testified she suffered severe headaches and what she incorrectly thought was a mild stroke due to her lip disfigurement. (Id. at 3.) Plaintiff testified she "had emotional cries at work, several outbreaks at work. As a matter of fact, one in front of customers. I was attending to the dining room one particular day. I got upset and I went to Mr. Straub and told him I had to go home. But this led me to go to the doctor." (Id.) On cross-examination, plaintiff admitted that during the relevant time frame she had unspecified personal problems at home. (Id. at 4.)
Based on the foregoing, the Court concludes that while plaintiff did not present detailed evidence of emotional distress damages, she presented sufficient competent evidence to permit a new trial on that issue. Defendant has cited no authority for its contention that a plaintiff must present testimony from others or medical bills to bolster her evidence of emotional distress. This may be because the Eighth Circuit has held that a plaintiff's testimony alone may be sufficient *1062 establish humiliation or emotional distress. See Kim, 123 F.3d at 1065 (citing cases); Williams v. Trans World Airlines, Inc., 660 F.2d 1267, 1273 (8th Cir.1981). Defendant's argument that plaintiff did not offer competent evidence because she admitted there were other stress factors in her life fails to recognize that defendant bore the burden to prove what those factors were, and that they were divisible from the harm allegedly caused by defendant. See Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1292-94 (8th Cir.1997) (discussing standard of causation and burden of proof concerning apportionment of emotional distress damages). Defendant made no effort to meet this burden.
Plaintiff's motion for new trial on the issue of emotional distress damages under Title VII should therefore be granted. The new trial will be limited to the issue of emotional distress damages, and to evidence previously presented, i.e., to plaintiff's testimony concerning the emotional distress she allegedly suffered.

D. Plaintiff's Motion for Judgment of Liquidated Damages on her Equal Pay Act Claim.

Plaintiff moves for entry of judgment awarding liquidated damages on her EPA claim, in an amount equal to the amount awarded by the jury for the wage differential, i.e., $15,840.00. Plaintiff asserts that an award of liquidated damages is mandatory under the EPA, unless "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation." 29 U.S.C. § 260; McKee, 801 F.2d at 1019 (quoting 29 U.S.C. § 260 and stating that district court has discretion to deny liquidated damages under the EPA if the employer met its burden under the statute); see Herman v. Roosevelt Fed. Sav. & Loan Ass'n, 569 F.2d 1033, 1035 (8th Cir.1978).
Plaintiff states that defendant had an affirmative burden to show both its subjective good faith and objective reasonable grounds for belief of compliance, citing Clymore v. Far-Mar-Co., Inc., 709 F.2d 499, 505 (8th Cir.1983). Plaintiff asserts that defendant has failed to meet its burden to show good faith and reasonable grounds for belief, because it was on notice as early as October 1994 that plaintiff challenged its actions under the EPA, but it "took no steps to address the situation by seeking advice from an EEO consultant or counsel to review the facts and render compliance advice or assistance." (Pl.'s Mem. Supp. Mot. Liquidated Damages at 5.)
Defendant responds that the Eighth Circuit now requires an EPA defendant's actions to meet a more stringent "willfulness" standard before an award of liquidated damages is appropriate, citing EEOC v. Cherry-Burrell Corp., 35 F.3d 356. Defendant asserts that the Eighth Circuit adopted the "knowing or reckless" definition of "willful" in Cherry-Burrell, and declared that neither an awareness of the potential applicability of the EPA, nor negligent conduct which does not show "reckless disregard for the matter of whether ... conduct was prohibited" is sufficient to establish willfulness. Id. at 364.
In support of its contention that it did not act willfully, defendant reargues the evidence it presented at trial, i.e., that plaintiff had no experience as a restaurant manager while her predecessor had twelve years' experience, plaintiff lacked the qualifications or skill to serve as a restaurant manager, and plaintiff was never given financial responsibility for the restaurant. Defendant also points to the fact that even after plaintiff filed her EEOC charge, she continued to receive her annual $10.00 per week salary increase, and that defendant offered her a job after the restaurant closed.
In reply, plaintiff raises both procedural and substantive arguments. First, she reiterates that the EPA mandates an award of liquidated damages in the absence of the employer's showing of good faith and reasonable grounds for belief, and notes that all of the circuits agree on this approach. Plaintiff also observes that the jury rejected defendant's proffered rationale for paying her a lesser salary than her male predecessor. Finally, plaintiff asserts that the employer's good faith and reasonable grounds for belief are affirmative defenses under Rule 8(c), Fed R. Civ. P., which are waived because defendant did not plead them.
*1063 Section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") provides for an award of liquidated damages to a prevailing employee, as follows: "Any employer who violates the provisions of [the Equal Pay Act] shall be liable to the employee ... affected in the amount of their unpaid ... wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages are no longer automatic, however. Under the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-62, a court has discretion not to award an employee liquidated damages or to reduce liquidated damages in the following circumstances:
[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, [29 U.S.C. §§ 201 et seq.] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.
Portal-to-Portal Act, § 11; 29 U.S.C. § 260.
The Court will address plaintiff's procedural argument first. Although plaintiff has cited cases for the proposition that courts generally treat statutory exemptions from remedial statutes as affirmative defenses, see, e.g., County of Washington v. Gunther, 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981), she cites no cases which hold that an employer's good faith and reasonable grounds for belief under 29 U.S.C. § 260 must be pleaded as an affirmative defense. In independent research, the Court has found only one case which so holds, but that case is not persuasive as it was not decided under the Federal Rules of Civil Procedure.[7] Other sections of the Portal-to-Portal Act require particular defenses to be pleaded and proved by the employer, see, e.g., 29 U.S.C. §§ 258, 259 (employer reliance on past and future administrative rulings), but section 260 merely provides that the employer "show" good faith and reasonable grounds. Thus, while the statute places the burden of proof on the employer, it does not address the necessity to plead a section 260 defense. Under these circumstances, the Court declines to hold that 29 U.S.C. § 260 must be pleaded as an affirmative defense, and will reach the issue of plaintiff's entitlement to liquidated damages on the merits.
The Court next addresses the appropriate standard for imposition of liquidated damages in the Eighth Circuit. Plaintiff argues that the holding of the Cherry-Burrell case, relied on by defendant as imposing a "willful" standard, is properly limited to the unique circumstances of that case. In Cherry-Burrell, the trial court found the defendant did not violate the EPA "knowingly or with reckless disregard for its provisions", id., 35 F.3d at 363, and therefore concluded that the EPA's two-year statute of limitations applied, rather than a three-year statute applicable to willful violations. The Eighth Circuit affirmed this decision, and concluded the plaintiff's EPA award was subsumed within her Title VII award, because the latter award covered a longer time period and was much larger. Id., 35 F.3d at 357-58. Thus, the issue of "willfulness" was before the Eighth Circuit in the context of determining whether the EPA's two-year or three-year statute of limitations applied.
In determining whether to uphold the district court's decision that defendant Cherry-Burrell should not be liable for liquidated damages, the Eighth Circuit stated that it would give "great deference to the trial court's decision concerning a liquidated damage award." Id., 35 F.3d at 364 (citation omitted). The Court reviewed the trial court's findings of fact for clear error, and concluded first:
The district court, we believe, had an adequate basis for finding, in substance, that C-B had "reasonable grounds for believing" that its actions as to equal pay (as distinguished from promotion) were not a violation of the EPA. 29 U.S.C. § 260.
Id., 35 F.3d at 363 (emphases added). Second, the Eighth Circuit concluded as follows:
While the district court did not specifically find that C-B acted in good faith on the equal pay issue, we are of the opinion that in this case its findings that there was *1064 "no knowing or reckless disregard" demonstrated by C-B in its equal pay violation was sufficient and not clearly erroneous so that liquidated damages are not required.
Id., 35 F.3d at 364 (emphases added).
The Court finds it significant that the Eighth Circuit referred to the EPA's statutory language of "good faith" and "reasonable grounds to believe" in conducting its clear error analysis of the district court's decision not to award liquidated damages based on the finding of "no knowing or reckless disregard." The Court concludes the applicable standard for an award of liquidated damages did not change in Cherry-Burrell. Rather, in that case the Eighth Circuit determined that the district court's decision before it comported "in substance" with the applicable requirements of 29 U.S.C. § 260. As plaintiff observes, the Supreme Court has stated that 29 U.S.C. § 260 provides an employer "with a defense to a mandatory award of liquidated damages when it can show good faith and reasonable grounds for believing it was not in violation of the FLSA." Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 n. 22, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) (emphasis added). This is the standard set forth in McKee. Thus, the Court concludes that the "good faith" and "reasonable grounds to believe" standard properly applies in determining whether an award of liquidated damages is appropriate in an EPA case.[8]
Applying this standard, the Court concludes that an award of liquidated damages in an amount equal to the jury's award for lost wages is appropriate in this case. The jury found that defendant paid plaintiff less than her predecessor for equal work duties, based solely on her sex, and rejected all of defendant's contentions to the contrary. The Court finds that defendant did not show that its failure to pay plaintiff was in good faith or was based on a reasonable belief that its action was not a violation of the EPA. See 29 U.S.C. § 260.
In the alternative, the Court assumes the appropriate inquiry for an award of liquidated damages is whether defendant's actions were willful, i.e., constituting a "knowing or reckless" disregard of the law. Under this standard, the Court finds that defendant's action was in reckless disregard for the matter of whether its conduct was prohibited by the EPA. This is because defendant was on notice that plaintiff challenged its action of paying her a lower salary than her male predecessor, but did not show that it made an honest effort to ascertain and act in accordance with the requirements of the EPA. See, e.g., Local 246 Utility Workers Union of America v. Southern California Edison Co., 83 F.3d 292, 298 (9th Cir.1996).
For the foregoing reasons, the Court concludes that plaintiff's motion for entry of judgment awarding liquidated damages on her EPA claim should be granted in the sum of $15,840.00.[9]

E. Plaintiff's Initial Motion for an Award of Attorney's Fees and Expenses.

1. Attorneys' Fees.
Plaintiff moves for an award of attorneys' fees and expenses as a prevailing party under the EPA.[10]See 29 U.S.C. § 216(b). *1065 Plaintiff seeks a lodestar sum for attorneys' fees of $58,326.00 and expenses of $508.09, incurred through March 10, 1998. Plaintiff has submitted billing summaries and affidavits to document her request. Plaintiff applies general principles concerning fee awards in civil rights cases under 42 U.S.C. § 1988 to support her motion, see, e.g., Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
Applying the same principles, defendant does not contest plaintiff's status as a prevailing party or the hourly rates charged by plaintiff's attorneys, but challenges the number of hours expended by plaintiff's counsel in this case. Defendant asserts that instead of expending over 300 hours, a more appropriate expenditure would have been 125-165 hours, because the case did not involve novel legal issues, all counts arose from the same facts, plaintiff's counsel took no depositions and defendant took only one deposition, and plaintiff presented no experts. Defendant asserts that it expended significantly fewer hours in defending this case than plaintiff did in prosecuting it.
Defendant contends the requested award is disproportionate to the amount of plaintiff's recovery, and suggests that in light of plaintiff's limited success, a downward adjustment of seventy-five percent should be made. Defendant also objects that the $100.00 hourly rate charged for paralegal Michael Hoare is excessive, and finally, notes that plaintiff seeks several items of expense which are actually costs under 28 U.S.C. § 1920.
In reply, plaintiff observes that defendant has not challenged any particular task, efforts or hours expended as unnecessary, and therefore fails to properly support its challenge to the number of hours expended. Plaintiff states that § 1988 was enacted to enable plaintiffs to enforce the civil rights laws even when the amount of damages at stake would not otherwise make it feasible for them to do so, citing City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Plaintiff contends that because all of her claims were related and she attained substantial relief, her fees should not be reduced, citing Hensley, 461 U.S. at 435, 103 S.Ct. 1933, and she states that courts have rejected a "rule of proportionality" which would compare fee awards to damage awards. Plaintiff defends the billing rate of her paralegal on the basis of his legal education, experience and training, and also contends without evidentiary support that the $100.00 hourly rate is not out of line with paralegal rates charged by some firms in St. Louis for persons with significantly lesser qualifications. Finally, plaintiff objects to defendant's comparison of the parties' attorney hours expended as inaccurate and unfair on various grounds, including that defendant did not include its hours billed on the extensive post-trial motion work.
An award of reasonable attorneys' fees and costs to a prevailing party is mandatory under the EPA. 29 U.S.C. § 216(b). The amount of the fee to be awarded, however, is discretionary. In determining attorneys' fee awards in EPA cases, courts have applied the factors used for determining the amount of attorneys' fees to award to prevailing plaintiffs in civil rights cases. See, e.g., Ridgway v. United Hospitals-Miller Div., 563 F.2d 923, 927 (8th Cir.1977); Halferty v. Pulse Drug Co., Inc., 821 F.2d 261, 271-72 (5th Cir.), rev'd in part on other grounds on rehearing, 826 F.2d 2 (5th Cir.1987); Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1544 (11th Cir.1985).
In civil rights cases, the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433, 103 S.Ct. 1933. The party seeking fees must submit evidence to support the hours worked and the rate claimed. The district court is required to exclude from this initial fee calculation hours that were not "reasonably expended", i.e., that are excessive, redundant or otherwise unnecessary. Id. at 434, 103 S.Ct. 1933. Some authority indicates that when this initial showing is made, the opposing party must identify those hours which are unnecessary, instead of making broad, conclusory objections that hours claimed are excessive. See Blum v. Stenson, 465 U.S. 886, 892 n. 5, 104 S.Ct. 1541, 79 *1066 L.Ed.2d 891 (1984); National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1337-38 (D.C.Cir.1982) (J. Tamm, concurring).
Once the initial product of reasonable hours times a reasonable rate is obtained, a court may adjust the fee upward or downward. Adjustment is particularly appropriate based on "results obtained" where the plaintiff succeeded only on some of her claims for relief. Hensley, 461 U.S. at 434, 103 S.Ct. 1933. Where a plaintiff obtains partial success but her claims involve a common core of fact or are based on related legal theories, counsel's time will mainly be devoted "to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Id. at 435, 103 S.Ct. 1933. Such a suit "cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435, 103 S.Ct. 1933.
With these principles in mind, the Court turns to plaintiff's motion for fees. Because the Court has determined that a partial new trial is required, principles of judicial economy dictate that the Court not address fee issues in a piecemeal fashion. Plaintiff's motion will therefore be denied without prejudice as premature, but the Court will offer the following observations to guide the parties with respect to any future motion.
The Court first finds that plaintiff's attorneys' hourly rates are reasonable, based on the supporting affidavits filed, the Court's knowledge of hourly rates in the St. Louis legal community, and defendant's concession that the rates are reasonable. The Court is inclined to award paralegal compensation for Mr. Hoare at the rate of $90.00 per hour, which takes into account Mr. Hoare's experience and the nature of the work billed, but also recognizes that Mr. Hoare is not licensed before this Court and should not be billed at a rate significantly higher than this Court has previously awarded for paralegal services.[11]
Second, while this does not appear to have been a particularly complex case, defendant's contention that plaintiff's experienced counsel did not expend time as efficiently as possible is seriously undercut by its failure to identify for the Court any particular hours which were unnecessary or excessive.[12] The Court in reviewing the billing summaries has been unable to readily ascertain unnecessary or excessive hours, and acknowledges that plaintiff's counsel was required to expend additional trial preparation time as a result of two continuances of this matter due to the Court's crowded trial docket. Also, plaintiff made multiple, reasonable settlement demands which defendant declined to acknowledge. For these reasons, the Court is inclined to make no more than a five percent overall reduction in the lodestar for reasonableness of the hours expended.
The Court now turns to the issue of downward adjustment based on plaintiff's partial success. Plaintiff's degree of success has increased since the filing of her motion for fees, because the Court has concluded that she is entitled to a judgment of liability on her Title VII claim, a new trial on Title VII non-pecuniary damages, and an award of liquidated damages on her EPA claim. The jury awarded plaintiff the full amount of lost wages she sought. Further, while plaintiff did not submit her MHRA sex discrimination claim and is dismissing her § 1981 race discrimination claim, these claims were related to and arose out of the same core of facts as the claims on which plaintiff prevailed. Thus, these claims would likely have constituted duplicate relief had plaintiff prevailed on them. The Court is therefore not inclined to make any downward fee adjustment based on "results obtained."
The Supreme Court has admonished that "[a] request for attorney's fees should not result in a second major litigation," Hensley, 461 U.S. at 437, 103 S.Ct. 1933. The Eighth *1067 Circuit has echoed this admonition. See, e.g., Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 883 (8th Cir.1995); Karl's, Inc. v. Sunrise Computers, Inc., 21 F.3d 230, 232 (8th Cir.1994). The Supreme Court has stated, "Ideally ... litigants will settle the amount of a fee." Hensley, id. Accordingly, within ten (10) days after the new trial on Title VII damages, the parties shall meet and make a good-faith attempt to resolve the issue of the amount of attorneys' fees.[13] The Court will refer the fee issue to court-sponsored alternative dispute resolution, if desired.
If necessary, plaintiff may renew her motion for fees and expenses, supplemented with additional fees and expenses incurred, within the time allowed by Eastern District Local Rule 8.02. If plaintiff's motion is renewed, counsel shall certify to the Court the parties' good-faith efforts with respect to settling the fee issues.

2. Expenses.
Finally, plaintiff seeks expenses of $508.09 for postage, copying and facsimile fees, vehicle expense, the filing fee, a deposition transcript and witness fees. Defendant responds that the filing fee, deposition transcript fee and witness fee are authorized as taxable costs under 28 U.S.C. § 1920, plaintiff did not file a bill of cost, and therefore these items should not be taxed against it by motion. Defendant cites Local Rule 8.03, which states that a party seeking an award of costs "shall file a verified bill of costs, upon a form provided by the Clerk, no later than twenty (20) days after entry of final judgment", and that failure to file a bill of costs within the time provided "may constitute a waiver of taxable costs." E.D. Mo. L.R. 8.03(A) (emphasis added).
In most instances, a prevailing party who has been awarded costs should file a verified bill of costs. In this case, however, the Court perceives a reason why a separate bill of costs is unnecessary. Under 29 U.S.C. § 216(b), a prevailing party is entitled to an award of costs which includes expenses in addition to the statutory costs recoverable under 28 U.S.C. § 1920. It would unnecessarily duplicate the filings before the Court and the parties' efforts to require plaintiff to submit a bill of cost in addition to her motion for attorneys' fees and expenses.
Defendant has not otherwise objected to the expenses plaintiff seeks. The Court concludes plaintiff's expenses are reasonable, and is inclined to award them as requested.

II. Conclusion.

For the foregoing reasons, plaintiffs motion to dismiss her 42 U.S.C. § 1981 race discrimination claim will be granted. Defendant's motion for judgment as a matter of law will be granted as to plaintiff's MHRA claim, denied as moot as to the 42 U.S.C. § 1981 claim, and denied in all other respects. Plaintiff's motion for entry of judgment on her Title VII claim will be granted, as will her motion for new trial on Title VII non-pecuniary damages. Plaintiff's motion for judgment of liquidated damages on her EPA claim will be granted and judgment entered in the amount of $15,840.00. Finally, plaintiff's initial motion for attorneys' fees and expenses will be denied without prejudice as premature, and the parties will be ordered to meet and make a good-faith attempt to resolve the fee issues. The limited new trial will be set by separate order.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to dismiss her claim of race discrimination under 42 U.S.C. § 1981 with prejudice is GRANTED. [Doc. 52]
IT IS FURTHER ORDERED that defendant's Motion for Judgment as a Matter of Law is GRANTED in part, DENIED in part, and DENIED in part as moot; said motion is DENIED as to Counts I and II, DENIED as moot as to Count III, and GRANTED as to Count IV. [Doc. 50]
IT IS FURTHER ORDERED that plaintiff's motion for entry of judgment of liability on her Title VII sex discrimination claim is GRANTED. [Doc. 46-1]
*1068 IT IS FURTHER ORDERED that plaintiff's motion for a new trial on the issue of Title VII non-pecuniary damages is GRANTED. [Doc. 49]
IT IS FURTHER ORDERED that plaintiff's motion for judgment of liquidated damages on her EPA claim is GRANTED in the amount of $15,840.00. [Doc. 46-2]
IT IS FURTHER ORDERED that plaintiff's initial motion for an award of attorney's fees and costs is DENIED without prejudice as premature, but the motion may be resubmitted if necessary, as set forth herein. [Doc. 54]
IT IS FURTHER ORDERED that within ten (10) days after the new trial on Title VII non-pecuniary damages, the parties shall meet and make a good-faith attempt to resolve the issue of the amount of plaintiff's attorneys' fees.
IT IS FINALLY ORDERED that the judgment of February 26, 1998 is vacated. [Doc. 47]
An appropriate order of dismissal and amended partial judgment will accompany this memorandum and order.

ORDER OF DISMISSAL AND AMENDED PARTIAL JUDGMENT
In accordance with the memorandum and order of this date and incorporated herein, and with the jury's verdict of February 19, 1998,
IT IS HEREBY ORDERED that plaintiff's claim of race discrimination under 42 U.S.C. § 1981 is DISMISSED with prejudice.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment is entered in favor of defendant Wm. A. Straub, Inc. and against plaintiff Desiree Herndon on plaintiff's claim of sex discrimination under the Missouri Human Rights Act (Count IV).
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment of liability is entered in favor of plaintiff Desiree Herndon and against defendant Wm. A. Straub, Inc. on plaintiff's claim of sex discrimination under Title VII of the Civil Rights Act of 1964, as amended (Count II), with a new trial to follow on the issue of non-pecuniary damages.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment is entered in favor of plaintiff Desiree Herndon and against defendant Wm. A. Straub, Inc. on plaintiff's claim under the Equal Pay Act claim (Count I) in the amount of Fifteen Thousand Eight Hundred Forty Dollars ($15,840.00), together with statutory liquidated damages in the amount of Fifteen Thousand Eight Hundred Forty Dollars ($15,840.00), for a total judgment on this claim of Thirty-One Thousand Six Hundred Eighty Dollars ($31,680.00), together with post-judgment interest as allowed by law.
NOTES
[1] Plaintiff's Instruction No. 6 submitted her sex discrimination claim under Title VII only. See Doc. 45.
[2] See, e.g., Meeks v. Computer Assocs. Int'l., 15 F.3d 1013 (11th Cir.1994) (holding that jury's finding of liability on EPA claim did not support district court's finding that employer also violated Title VII, absent any additional finding of intentional discrimination); Tidwell v. Fort Howard Corp., 989 F.2d 406, 410-12 (10th Cir.1993) (affirming district court's Title VII judgment for the defendant despite the jury's verdict in favor of the plaintiff on EPA claim); Fallon v. State of Ill., 882 F.2d 1206, 1212-13 (7th Cir.1989) (holding that liability under the EPA does not automatically lead to liability under Title VII because the two acts require different proof).
[3] The Sixth and Ninth Circuits have also concluded that a finding of sex discrimination in compensation under the EPA is equivalent to a finding of pay discrimination on the basis of sex under Title VII. See Korte v. Diemer, 909 F.2d 954, 959 (6th Cir.1990); Kouba v. Allstate Ins. Co., 691 F.2d 873, 875 (9th Cir.1982).
[4] While regulations published by the Secretary of Labor interpreting the EPA are not binding on the courts, they should be given great weight. Hodgson v. Security Nat'l Bank of Sioux City, 460 F.2d 57, 59 (8th Cir.1972).
[5] Plaintiff did not proceed on her claim for punitive damages under Title VII, nor did she seek damages for any alleged lost benefits. The jury awarded plaintiff all of the damages she sought for lost wages on her EPA claim, and therefore plaintiff does not seek this component of damage under Title VII. "[A] plaintiff is not entitled to a separate compensatory damage award under each legal theory." EEOC v. Cherry-Burrell Corp., 35 F.3d at 358 (quoting Greenwood Ranches, Inc. v. Skie Constr. Co., 629 F.2d 518, 521 (8th Cir.1980)).
[6] Defendant's other arguments in opposition to the motion for new trial are moot, given the Court's rulings on defendant's Motion for Judgment as a Matter of Law and plaintiff's Motion for Entry of Judgment on her Title VII Claim.
[7] See Dutcher v. Randall Foods, 546 N.W.2d 889, 892 (Iowa 1996) (holding that under Iowa rules of civil procedure, 29 U.S.C. § 260 is an affirmative defense which must be pleaded or is waived).
[8] Some language in the Cherry-Burrell opinion could lead to the conclusion that a showing of willfulness for statute of limitations purposes is the same as what is required to show that the employer is liable for liquidated damages. After affirming the district court's conclusion that the two-year EPA statute of limitations applied, the Eighth Circuit stated: "If the defendant did not act knowingly with respect to gender-based inequality of pay, this may be the equivalent of not willful or not `intentional.' (Citation omitted.) We deem this also to be a proper concept as to the liquidated damages requirement of EPA." Id., 35 F.3d at 363 (emphasis added). Equating these separate concepts, however, would appear contrary to the language of 29 U.S.C. § 260 and prior Supreme Court and Eighth Circuit holdings, including McKee, which was not specifically overruled by Cherry-Burrell.
[9] Plaintiff states that the Court's judgment of February 26, 1998 awarded prejudgment interest, which is incompatible with an award of liquidated damages. (Pl.'s Reply Mem. at 6, n.2.) While plaintiff's assertion that an EPA plaintiff may not receive both an award of prejudgment interest and liquidated damages is correct, see, e.g., Gibson v. Mohawk Rubber Co., 695 F.2d 1093, 1102 (8th Cir.1982), the judgment of February 26, 1998 awarded only post-judgment interest as required by law. See Doc. 47.
[10] Plaintiff is also entitled to the discretionary award of reasonable attorneys' fees as a prevailing party under Title VII. 42 U.S.C. § 2000e-5(k).
[11] This Court has previously awarded paralegal fees at up to $75.00 per hour. See, e.g., Inman v. American Home Furniture Placement, Inc., No. 4:92-CV-2594 CAS (E.D.Mo. July 26, 1996).
[12] In the extensive briefing that has occurred on the fee application, defendant has not objected that plaintiff's billing summaries are not sufficiently detailed to permit it to lodge such objections. The Court would not look favorably on a belated objection of this nature.
[13] The parties should address the total amount of plaintiffs' attorneys' fees at issue, including fees sought by the instant motion, fees incurred after March 10, 1998, and fees incurred in connection with the limited new trial. The parties are on notice of the Court's inclination to award plaintiff substantially all of her attorney's fees incurred in this action.